In the Matter of JOHN F. SPINNENWEBER, Petitioner, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Respondent.

Third Department, November 20, 1986

## APPEARANCES OF COUNSEL

*Francello, Van Benschoten & Bing (David Van Benschoten* of counsel), for petitioner.

*Robert Abrams, Attorney-General (Lawrence A. Rappoport* and *Peter H. Schiff* of counsel), for respondent.

## OPINION OF THE COURT

MIKOLL, J.

In an order of May 19, 1983, the Commissioner of Environmental Conservation (Commissioner) found that between 1979 and 1981, petitioner had illegally filled approximately 7,000 square feet of the "littoral zone" of the Hudson River adjacent to his property in Port Ewen, Ulster County. The fill was placed north and south of a "tidal pool" which petitioner had also constructed without a permit to create a private beach area. Petitioner acknowledged the unlawfulness of the filling. The order concluded that the filling was unlawful and could be remedied by removal of the fill. The May 19, 1983 order required petitioner to submit to respondent's Region 3 staff for its approval a proposal to restore "the affected area to its condition prior to the violation consistent with the * * * Hearing Report". He was also required to pay a $9,000 fine, $6,000 of which would be suspended if he complied by submitting the restoration proposal to respondent.

Petitioner sought no judicial review of the May 19, 1983 order. He paid the $3,000 penalty and submitted a proposal for remediation. Respondent rejected his proposal. Petitioner did not contact respondent again until respondent sent him a

letter, dated December 20, 1983, informing him of his noncompliance and advising him that he could request a hearing on the issue of his noncompliance. He requested the second hearing, which he was granted.

The Commissioner issued a June 7, 1984 order which incorporated the findings and conclusions of the May 19, 1983 order. The June 7, 1984 order also rejected both petitioner's reasons for noncompliance and his plan for remediation, and directed that he comply with respondent's plan, described in part III of the order. The Commissioner further ordered petitioner to post a $10,000 performance bond or other surety and payment of $500 of the suspended $6,000 portion of the original penalty. The order also suspended the remainder of the fine unless petitioner failed to comply with the remaining terms of the order.

Petitioner did not comply with any of the terms of the modified June 7, 1984 order. Instead, he commenced the instant CPLR article 78 proceeding on October 3, 1984. Respondent's motion to dismiss the proceeding as untimely was denied in an order of Special Term dated February 25, 1985. Respondent thereafter answered the petition, raised affirmative defenses and alleged a counterclaim for the enforcement of the June 7, 1984 order of the Commissioner. Petitioner did not reply to the counterclaim. This proceeding was then transferred to this court.

The initial question for our determination is whether this article 78 proceeding was timely commenced. Petitioner received the order of June 7, 1984 on June 8, 1984. He commenced this proceeding on October 3, 1984. Respondent moved to dismiss at Special Term on the ground that petitioner failed to commence the proceeding within 60 days of June 8, 1984 as required by ECL 15-0905 (2). Petitioner claimed that the proceeding was timely instituted within the four months provided by ECL 15-0515 and CPLR 217. Special Term denied respondent's motion to dismiss.

Respondent argues that Special Term's decision holding that the proceeding was timely commenced is erroneous. This argument is well taken. ECL 15-0905 (1), formerly Conservation Law § 432 (1), provides that any person who is affected by a decision made pursuant "to this article" may seek judicial review of such decision under the provisions of CPLR article 78. ECL 15-0905 (2), formerly Conservation Law § 432 (2), provides, however, that such proceeding must be commenced

within 60 days of service of that decision. This section was enacted in 1960 as part of the judicial review section of a then new Conservation Law article V, entitled "Water Resources Commission", and "makes [the] 60 day time limit uniform" for all the proceedings consolidated within that article (L 1960, ch 7, § 4; *see,* legislative mem, 1960 McKinney's Session Laws of NY, at 1845, 1848). This section was recodified as ECL 15-0905 (2) without substantial changes in 1972 (L 1972, ch 664).

ECL 15-0515 provides that a determination, order or issuance, modification or denial of a permit pursuant to ECL 15-0501, 15-0503 and 15-0505 may be reviewable in a proceeding pursuant to CPLR article 78. However, it provides no time limit within which such proceeding must be commenced.

ECL 15-0905 (2) and 15-0515 should be construed harmoniously. It is well settled that a statute must be construed as a whole, and that its various sections must be considered together and with reference to each other *(People v Mobil Oil Corp.,* 48 NY2d 192, 199). These two sections are not in conflict with each other. The application of a 60-day Statute of Limitations to challenges brought pursuant to ECL 15-0515 is consistent with the history of ECL 15-0905 (2), since the predecessor section of ECL 15-0905 (2) was intended to make the 60-day limit uniform for proceedings under former Conservation Law article V. Nothing in the 1965 enactment of former Conservation Law, article V, part III-A or the 1972 recodification of that article as ECL article 15 evidences an intent to restrict the uniform applicability of the 60-day time limit for proceedings arising under that article.

Special Term's reliance on the "intended omission" principle of statutory construction set forth in *Patrolmen's Benevolent Assn. v City of New York* (41 NY2d 205) is misplaced. The Court of Appeals held in that case that the principle should apply only to those statutes whose language creates an " 'irrefutable inference' " that what was omitted was done so intentionally *(supra,* at pp 208-209). No irrefutable inference can be found here since such an inference is contrary to the legislative intent contained in ECL 15-0905 (2) *(see,* legislative mem, 1960 McKinney's Session Laws of NY, at 1848). Both sections under review, therefore, are governed by the shorter period of limitations and Special Term's order denying respondent's motion to dismiss should be reversed. Finally, respondent's counterclaim for enforcement of the June 7, 1984 order should be determined at Supreme Court.

In view of our dismissal of this proceeding as untimely commenced, we do not reach the other issues raised by petitioner.

CASEY, J. P., WEISS, YESAWICH, JR., and LEVINE, JJ., concur.

Petition dismissed, without costs, and matter remitted to Supreme Court for determination of respondent's counterclaim.