OPINION OF THE COURT
William H. Keniry, J.
Following an almost seven-year effort to secure a permit to mine a gravel pit located over the Rotterdam Junction aquifer in Schenectady County, the petitioner Bonded Concrete, Inc. (Bonded) has initiated this CPLR article 78 proceeding to overturn the Department of Environmental Conservation’s (En Con) July 7, 1986 denial of its permit application. Bonded’s efforts to secure the mining permit has generated consid *830 erable controversy and resulted in much litigation. Bonded now contends that En Con, by virtue of its failure to timely respond to Bonded’s letter of June 26, 1986 demanding a decision on its application within five working days as required by 6 NYCRR 621.9 (b), must issue the mining permit without further delay.
En Con moves to dismiss this proceeding upon the grounds that it was untimely commenced and that Bonded has failed to exhaust its administrative remedies with respect to the July 7, 1986 denial.
This proceeding was initiated by the personal service of an order to show cause and verified petition upon both En Con and the Attorney-General on September 9, 1986.
Such service was effected some 63 days after Bonded received En Con’s letter denying the application. En Con relies upon ECL 23-0307 which imposes a 60-day limitation to review the denial running "from the date of such action, omission or order”. Thus, the proceeding, according to En Con, was untimely commenced.
Bonded, on the other hand, contends that ECL 23-2725 and 70-0107 (3) (i) provide for the application of the four-month limitation set forth in CPLR 217 to this proceeding.
After a careful analysis of the relevant statutes and upon considering the recent decision in Matter of Spinnenweber v New York State Dept. of Envtl. Conservation (120 AD2d 172 [3d Dept]), the court concludes that this proceeding was untimely commenced and that En Con’s motion to dismiss must be granted.
The relevant provisions of the Environmental Conservation Law provide as follows:
"§ 23-0307. Judicial review
"Any act, omission, or order of the department or of any of its officers or employees, pursuant to or within the scope of this article, may be reviewed in accordance with article 78 of the Civil Practice Law and Rules, but application for such review must be made not later than sixty days from the date of such action, omission or order.”
"§ 23-2725. Judicial review
"Any act, omission, determination or order of the department or of any officer or employee thereof, pursuant to or within the scope of this title, may be reviewed in accordance with article seventy-eight of the civil practice law and rules.”
*831 By its express language, ECL 23-0307 imposes a 60-day limitation for all review proceedings commenced within the purview of article 23 (Mineral Resources). Upon a cursory analysis, the 60-day statute should then apply to this review proceeding which is instituted under the New York State Mined Land Reclamation Law (MLRL) which was enacted as title 27 of article 23 (L 1974, ch 1043). However, section 23-2725 of the MLRL provides that the judicial review of any title 27 action shall be "in accordance with article seventy-eight of the civil practice law and rules”. No specific time limit for initiating the judicial review of a MLRL decision is otherwise specified. The petitioner argues that since ECL 23-2725 was enacted subsequent to ECL 23-0307, the provisions of that section should control and, by inference, the limitation contained in CPLR 217 thus applies. CPLR 217 provides, in part, that: "Unless a shorter time is provided in the law authorizing the proceeding, a proceeding against a body or officer must be commenced within four months”. Bonded argues that the inclusion of the MLRL regulatory program within the ECL’s Uniform Procedures Act (ECL 70-0107 [3] [i]) further indicates a legislative intention to remove MLRL proceedings from the general review procedures contained in article 23.
It is generally recognized that a statute must be construed as a whole and that its various sections must be considered together and with reference to each other (People v Mobil Oil Corp., 48 NY2d 192). McKinney’s Consolidated Laws of NY, Book 1, Statutes § 130 states, in part, that "as a general proposition it is immaterial * * * that the statute is divided into sections, chapters, or titles.”
The Appellate Division, Third Department, has recently applied those rules of construction to harmonize two statutes in ECL article 15, which are strikingly similar in language and effect to the statutes involved in this case (Matter of Spinnenweber v New York State Dept, of Envtl. Conservation, supra). The court was concerned with the same issue presented in this case: namely, whether a 60-day or four-month Statute of Limitations applies to a proceeding challenging a decision of En Con. The court held that the 60-day limitation contained in ECL 15-0905 controls over ECL 15-0515 which did not provide a specific time in which to institute a review proceeding concerning certain water permit applications.
The provisions of the Environmental Conservation Law *832 construed in Spinnenweber (supra) read, in pertinent part, as follows:
"§ 15-0905. Review
"1. The applicant or any person or public corporation, who or which has filed a notice of appearance in the proceedings before the department and is affected by a decision made pursuant to this article, may review such decision under the provisions of article 78 of the Civil Practice Law and Rules.
"2. A special proceeding for such review must be commenced within sixty days after the service in person or by mail of a copy of the decision upon the attorney of record of the applicant and of each person who has filed a notice of appearance, or to such applicant in person directly if not represented by an attorney.”
"§ 15-0515. Review
"A determination, order or issuance, modification or denial of a permit, pursuant to sections 15-0501, 15-0503 and 15-0505 shall be reviewable in a proceeding pursuant to article 78 of the Civil Practice Law and Rules.”
The court will now compare the statutory language construed in Spinnenweber (supra) to the language of the statutes now under review. ECL 23-0307 provides that any act of En Con "pursuant to or within the scope of this article” (ECL art 23) may be judicially reviewed under the provisions of CPLR article 78 within 60 days of the action. That language compares favorably to ECL 15-0905 which also makes reference to "this article” (ECL art 15) and imposes a 60-day limitation to those seeking review of an unfavorable decision.
Likewise, ECL 23-2725 provides that any act "pursuant to or within the scope of this title” (tit 27) may be reviewed under CPLR article 78. By use of the word "title”, the statute is clearly referring to the Mined Land Reclamation Law. However, no time limitation for initiating a review of a MLRL decision is specified. ECL 23-2725 is similar in its language to ECL 15-0515 which provides for judicial review of En Con action with respect to only three specific sections of title 5 (ECL 15-0501, 15-0503, 15-0505) without providing any specific limitation for initiating such review. Thus, the only distinction between these two sections is that ECL 15-0515 limits its application to three specific sections while ECL 23-2725 restricts itself to a title.
In Spinnenweber (supra), the Appellate Division held that the two statutes (ECL 15-0905, 15-0515) should be construed *833 harmoniously. The court concluded that the statutes did not conflict and decided that the 60-day time limit rather than the four-month statute applied to proceedings initiated under ECL 15-0515.
This court has reviewed ECL 23-0307 and 23-2725 and finds no indication that the Legislature, when enacting the Mined Land Reclamation Law (L 1974, ch 1043), intended to supersede the 60-day limitation already set forth in ECL 23-0307.
Bonded’s argument that the inclusion of title 27 (MLRL) within the ECL’s Uniform Procedures Act supports the application of a four-month statute is not persuasive. The court notes that title 5 of article 15, which was the subject of the Spinnenweber decision, is also included within the Uniform Procedures Act (ECL 70-0107 [3] [a]).
Additional support for this court’s interpretation is found in Matter of Russell v Williams (Sup Ct, Onondaga County, Aug. 29, 1985, Donovan, J., affd on other grounds 122 AD2d 569). Although the Russell opinion is not a binding precedent on this court, it is persuasive and entitled to respectful consideration (Matter of Cruikshank, 169 Misc 514; 29 NY Jur 2d, Courts and Judges, § 487).
As a final point, the record establishes that this proceeding was commenced by the date that service was directed to be made in the original order to show cause. A Statute of Limitations cannot be extended by an order to show cause (Matter of Elston v Mahoney, 122 AD2d 969, appeal dismissed 68 NY2d 765; Lennox v Rhodes, 39 AD2d 801). Thus, the service made by the petitioner on September 9, 1986, although within the time prescribed in the show cause order, was untimely.
In view of the decision of the court, there is no need to reach any of the remaining issues raised by the parties.
The respondent’s motion to dismiss is granted, without costs.