■ In the Matter of SIERRA CLUB et al., Appellants, v JOSEPH MARTENS et al., Respondents. [67 NYS3d 14]—

Order and judgment (one paper), Supreme Court, New York County (Alice Schlesinger, J.), entered October 7, 2016, denying the petition, inter alia, to annul the water withdrawal permit issued November 21, 2014 by respondent Department of Environmental Conservation (DEC) to respondent Consolidated Edison Company of New York Inc. (Con Ed), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

On November 21, 2014, DEC granted an initial water withdrawal permit pursuant to article 15, title 15 of the ECL authorizing Con Ed to withdraw water from the East River. That same day, DEC served the permit upon Con Ed, petitioner Sierra Club, and other persons who had appeared in the DEC proceedings. On March 23, 2015, petitioners brought this article 78 proceeding seeking to annul the permit. In a decision entered October 7, 2016, the petition court granted Con Ed's motion to dismiss the proceeding, concluding that it was both time-barred and without merit.

The court correctly held that the petition was barred by the statute of limitations contained in ECL 15-0905. That section

provides that an article 78 proceeding to review a decision made pursuant to article 15 of the ECL must be commenced within 60 days after service of the decision upon the applicant and others who appeared in the proceedings before DEC (ECL 15-0905 [1], [2]). Because this proceeding was commenced on March 23, 2015, approximately four months after DEC made the requisite service and well beyond the 60-day limitations period, it is untimely (*see Matter of Spinnenweber v New York State Dept. of Envtl. Conservation*, 120 AD2d 172 [3d Dept 1986]; *Rochester Canoe Club v Jorling*, 150 Misc 2d 321 [Sup Ct, Monroe County 1991], *appeal dismissed* 179 AD2d 1040 [4th Dept 1992], *lv dismissed in part, denied in part* 79 NY2d 1037 [1992]).

We reject petitioners' contention that ECL 15-0903 (1) renders the 60-day limitations period in ECL 15-0905 (2) inapplicable to this proceeding.\* When read in its proper context, ECL 15-0903 (1) merely clarifies which set of ECL procedures govern DEC's consideration of permits, and does not abrogate the 60-day limitations period for challenging a permit decision (*see Rochester Canoe Club*, 150 Misc 2d at 325 [ECL 15-0903 (1) does not carve out an exception to the 60-day statute of limitations contained in ECL 15-0905 (2)]).

The legislative history of both provisions confirms that ECL 15-0903 (1) did not eviscerate the 60-day period in ECL 15-0905 (2). The predecessor statute of ECL 15-0905, enacted in 1960, was "intended to make the 60-day limit uniform for proceedings under [predecessor to ECL art 15]" (*Matter of Spinnenweber*, 120 AD2d at 175 [reviewing legislative history of ECL 15-0905]; *see* Mem of Joint Legislative Comm on Revision of the Conservation Law, reprinted in 1960 McKinney's Session Laws of NY at 1848 [listing disparate prior limitations periods and explaining that the "(n)ew law makes 60 day time limit uniform"]). When ECL 15-0903 (1) was added in 1979, it was part of a " 'clean up' measure" that "include[d] no substantive changes to existing law" (Mem of St Dept of Envtl Conservation, reprinted in 1979 McKinney's Session Laws of NY at 1687-1688; *see Rochester Canoe Club*, 150 Misc 2d at 325).

---

\* ECL 15-0903 (1), which falls under the heading "Hearing procedure," provides that the administrative procedures contained in title 9 are not applicable to certain "actions" (such as permit applications, permit renewals, and permit revocation proceedings) that involve, inter alia, article 15, title 15. In contrast, the 60-day limitations period in ECL 15-0905 (2) applies to the commencement of a proceeding seeking judicial review of a "decision" by DEC on one of those "actions." Thus, by its plain language, ECL 15-0903 (1) addresses the procedures governing the consideration of a permit, not the time frame for challenging a DEC permit "decision."

There is no merit to petitioners' argument that they lacked fair notice that they would be subject to the 60-day limitations period. Contrary to petitioners' view, we find no conflict between ECL 15-0903 (1) and 15-0905 (2). Further, *Matter of Spinnenweber* and *Rochester Canoe Club*, which were decided in 1986 and 1991 respectively, made clear that ECL 15-0905 (2) was intended to make the 60-day limit uniform for proceedings like this one (*see also* Philip Weinberg, Practice Commentaries, McKinney's Cons Laws of NY, Book 17½, ECL 15-0903 at 225 [2006] ["(t)he courts have ruled that (ECL 15-0903) . . . refers only to actual hearing procedures before DEC, and not to the statute of limitations"]). Thus, petitioners cannot show that they lacked fair notice that they would be subject to the 60-day period.

We have considered petitioners' remaining arguments on the statute of limitations issue and find them unavailing. Because this proceeding is time-barred, we need not reach the merits of the petition. Concur—Richter, J.P., Manzanet-Daniels, Kern and Singh, JJ.