■ In the Matter of KELLY BERNARD, Petitioner, v JOEL ROSENTHAL et al., Respondents. (Proceeding No. 1.) In the Matter of BETHUNE GARDENS CORPORATION, Appellant, v VILLAGE OF SPRING VALLEY et al., Respondents. (Proceeding No. 2.)—Harvey, J. Appeal (transferred to this court by order of

the Appellate Division, Second Department) from a judgment of the Supreme Court (Kelly, J.), entered December 5, 1989 in Rockland County, which partially dismissed petitioner's application, in a proceeding (No. 2) pursuant to CPLR article 78, to compel respondents to separately assess two adjoining lots containing an apartment complex.

In 1979, petitioner Kelly Bernard acquired title at a Rockland County tax sale to certain real property located in the Town of Clarkstown and the Village of Spring Valley. This property is denominated on the pertinent tax maps as lot No. 15. In 1981, respondent Angeline Giles obtained title to the adjacent lot, lot No. 21, in a similar tax sale. A now-abandoned apartment complex straddles the two lots which had in the past been commonly owned by various corporations. Information in the record reveals that the two lots have apparently been separately assessed by the Town of Clarkstown and Rockland County. However, respondent Village of Spring Valley has long assessed lot Nos. 15 and 21 together as if they were one lot. Although the Village's assessor was informed that the lots were owned by two separate persons and was repeatedly asked to assess the two lots separately, the single assessments nevertheless continued and the Village tax bills for both lots were mailed solely to Bernard's residence, even though the names of both Bernard and Giles* appeared on top of the bills.

Subsequently, after the Village began soliciting bids to demolish the vacant apartment complex, two CPLR article 78 proceedings were commenced (and later consolidated) seeking principally to halt the demolition of the building and requiring the Village to separately assess the two lots so that all taxes could be properly paid. Supreme Court annulled the determination to demolish the building and a bench trial was thereafter held to determine the various issues. Petitioner Bethune Gardens Corporation (hereinafter petitioner), a successor in interest to Bernard, was substituted as petitioner in this matter. Following the conclusion of evidence at trial, Supreme Court granted certain relief to petitioner but decided that the Village had not erred in assessing the two lots as a single tax lot. This appeal by petitioner followed.

We reverse. Based upon the evidence presented at trial, Supreme Court erred in not directing the Village to assess the two properties separately. Pursuant to RPTL 502 (2), a tax

---

* The Village bills were actually addressed to Giles' husband, who apparently manages the property for her.

assessment roll must provide, with respect to each separately assessed parcel of real property, in appropriate columns, the name of the owner and a description sufficient to identify the property. Further, under RPTL 502 (3), the assessment roll is to contain a column for the entry with respect to each separately assessed parcel of the assessed valuation of the land exclusive of any improvements, followed by a column for the entry of the total assessed valuation. Regarding assessments, the law appears clear that: "once a tract of land has been subdivided, unless it can be demonstrated that it would be impracticable to separately assess each subdivided lot, each lot should be separately assessed in order to insure the validity of taxes thereafter levied and any tax sales which might occur in the future for nonpayment of taxes" (5 Opns Counsel SBEA No. 46).

Here, the Village's explanation for assessing the two parcels as one appears to be that, although it is undisputed that the lots were originally separate, the two parcels were merged by an unspecified act of the Village Planning Board in the early 1960s. It is not made clear whether this was a unilateral act on the part of the Village or was made pursuant to a formal request by the former owners that the subdivision be abandoned (see, RPTL 560; see also, *Griffin v Lamport Realty Co.*, 276 App Div 1103, *affd without opn* 302 NY 728). In any event, since the Village never submitted any proof to substantiate its claim that the two lots were merged, we see no reason to ignore the fact that all Village documents, maps and correspondence refer to the two lots as separate up to the time of the commencement of these proceedings. As a reading of RPTL 560 indicates, some sort of formal action is obviously necessary before two lots can be merged (see also, 5 Opns Counsel SBEA No. 46) and the Village's reliance on the zoning doctrine of merger (see, e.g., *Matter of Barretto v Zoning Bd. of Appeals*, 123 AD2d 692) is clearly inapposite. We also reject any contention that merely erecting a building across two lots causes a merger. While there are undoubtedly situations where the impracticability of separate assessments due to an encroaching building renders one assessment of contiguous lots appropriate, it is important to recognize that even assessing several lots together does not cause them to lose their status as individual lots (see, e.g., *Matter of Doughty v Loomis*, 9 AD2d 574, *affd without opn* 8 NY2d 722; *People ex rel. Lazarus v Feitner*, 65 App Div 318, *affd without opn* 169 NY 604 [where propriety of assessment also found to be restricted by New York City Charter]; 3 Opns Counsel SBEA No. 124)

and that joint assessment of separate lots is the exception, not the rule (see, 5 Opns Counsel SBEA No. 46).

Accordingly, since the lots in this case are apparently separate and are not commonly owned, the issue in this case distills to whether it has been demonstrated that the Village's action was proper by reason of a proven impracticability of separately assessing the two lots. We find that it has not. Aside from the fact that the County and Town apparently had no trouble separately assessing the lots, the Village's own assessor admitted at trial that it would be possible to separately assess the lots. In fact, substantial evidence was introduced at trial to the effect that the Village had been separately assessing for years two separately-owned contiguous lots that also had buildings straddling them. Although the assessor claimed at trial that he now felt he was incorrect in assessing the other properties in that manner, the prior assessments demonstrate that the alleged difficulties of such a procedure are not as insurmountable as is claimed by the Village.

In sum, it appears that because the trial evidence did not establish that the two lots had been merged and it was further not shown that it would be impracticable to separately assess the two lots, Supreme Court erred in not granting the petition in its entirety.

Judgment modified, on the law, with costs to petitioner Bethune Gardens Corporation, by reversing so much thereof as dismissed said petitioner's first cause of action; said cause of action granted and respondent Village of Spring Valley is directed to separately assess said petitioner's property from the adjacent lot; and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.