30 F.3d 294
 Kelly BERNARD and Bethune Gardens Corp., Plaintiffs-Appellants,
v.
VILLAGE OF SPRING VALLEY, NEW YORK; William Beckmann,
Assessor, Village of Spring Valley, New York, in his
Individual and Official Capacities, and Joel Rosenthal,
Mayor, Village of Spring Valley, in his Official and
Individual Capacities, Defendants-Appellees.
 No. 1188, Docket 93-7802.
 United States Court of Appeals,
Second Circuit.
 Argued March 11, 1994.
Decided July 12, 1994.
 
 Michael H. Sussman, Goshen, NY, for plaintiffs-appellants.
 Robert V. Fallarino, Westbury, NY (Chesney, Murphy & Moran, of counsel), for defendants-appellees.
 Before: FEINBERG, PRATT, and MINER, Circuit Judges.
 GEORGE C. PRATT, Circuit Judge:
 
 
 1
 The central issue in this case is whether the defendants' failure to give plaintiff's property a separate tax designation as required by New York state law may form the basis for a damage action under 42 U.S.C. Sec. 1983 in federal court. The United States District Court for the Southern District of New York, Gerard L. Goettel, Judge, determined that because the available state-court remedies are procedurally adequate, the Tax Injunction Act and principles of comity barred consideration of plaintiff's claims in federal court.
 
 
 2
 We affirm the district court's dismissal of the complaint.
 
 FACTS AND BACKGROUND
 
 3
 In December 1979 Kelly Bernard purchased Lot 8-A-15 ("Lot 15"), located at 54 Bethune Avenue in the Town of Clarkstown, Village of Spring Valley, for $2,222.22 at a Rockland County tax foreclosure sale. At another tax foreclosure sale in 1981, Angeline Giles purchased the adjacent lot, Lot 8-A-21 ("Lot 21"). An apartment building, comprised of forty-four units, straddled the two lots. Bernard and Giles each owned approximately half of the building.
 
 
 4
 Although the two lots were assessed separately by both the Town of Clarkstown and Rockland County, the Village of Spring Valley assessed them as if they comprised a single lot. Over the next few years, Bernard attempted to obtain a separate tax designation for Lot 15 from the village assessor, William Beckmann, but his efforts failed to produce any change in the village's assessment method. Even after the assessor became aware that the contiguous lots were owned by separate people, he continued to assess them as a single unit. As a consequence, the Village of Spring Valley's tax bills for both lots were mailed solely to Bernard's residence, despite the fact that the names of both Bernard and Giles appeared at the top of the bills.
 
 
 5
 At the time Bernard purchased Lot 15, the apartment building was already in a serious state of disrepair. Although he made some minor improvements, all of the tenants had vacated the apartment building by 1980, most under orders from the Rockland County Health Department. Once vacant, the building continued to deteriorate; several fires contributed to its worsening condition during the next few years.
 
 
 6
 In May 1985 Bernard brought an Article 78 proceeding in New York State Supreme Court, see N.Y.Civ.Prac.L. & R. Secs. 7801-06 (McKinney 1981), seeking a declaration that the Village of Spring Valley's refusal to provide him with a separate tax designation and assessment violated Secs. 502(2) and 502(3) of New York's Real Property Tax Law and seeking a writ of mandamus directing the village to tax Lot 15 separately from Lot 21. Bernard argued that his property's dilapidated state was directly attributable to the village's assessment policy. Because he had not been able to get a separate tax designation, he claimed that he was unable to obtain the bank financing necessary to renovate and repair the building.
 
 
 7
 In November 1985 the village board of trustees voted to demolish the building based on the allegedly dangerous and uninhabitable state of the building and began soliciting bids to demolish the vacant apartment building. However, in a separate Article 78 proceeding, Bernard obtained a stay of the demolition. The two Article 78 proceedings were later consolidated.
 
 
 8
 In 1986 Bernard transferred his interest in Lot 15 to Bethune Gardens Corporation ("Bethune"), a corporation wholly owned by Bernard and his wife, and Bethune was substituted as the petitioner in the Article 78 proceeding. In March 1992 Bethune transferred title to Lot 15 back to Bernard, and Bethune was then dissolved.
 
 
 9
 In June 1988 the village held a public hearing on the proposed demolition of the apartment building; both Bernard and his attorney attended. The village found in favor of demolition in September 1988. Later that month the New York Supreme Court granted Bernard some relief on his Article 78 petition, but held that the village had not erred in assessing the two lots as a single tax unit. While Bernard's appeal was pending before the Appellate Division, Third Department, the village demolished the apartment building in January 1990.
 
 
 10
 In April 1991 the appellate division reversed the supreme court's decision, ruling that the village had erred in refusing to assess Bernard's property separately. Bernard v. Rosenthal, 172 A.D.2d 931, 568 N.Y.S.2d 212 (1991). Noting that all the pertinent village documents, maps, and correspondence had referred to the two lots separately until the time that Bernard's Article 78 proceeding was commenced, the court found no basis under New York law upon which to credit the village's claim that the two lots had been merged. When a tract of land has been subdivided, the court noted,
 
 
 11
 unless it can be demonstrated that it would be impracticable to separately assess each subdivided lot, each lot should be separately assessed in order to insure the validity of taxes thereafter levied and any tax sales which might occur for nonpayment of taxes.
 
 
 12
 Id. 568 N.Y.S.2d at 213 (citation and internal quotations omitted). Because the village had failed to demonstrate a "proven impracticability" of separately assessing the two lots, the court directed the village to assess Bernard's property separately from the adjacent lot. Id. 568 N.Y.S.2d at 214. The village's motion for leave to appeal to the New York Court of Appeals was denied. Bernard v. Rosenthal, 78 N.Y.2d 864, 578 N.Y.S.2d 878, 586 N.E.2d 61 (Ct.App.1991); Bethune Gardens Corp. v. Village of Spring Valley, 78 N.Y.2d 864, 578 N.Y.S.2d 878, 586 N.E.2d 61 (Ct.App.1991).
 
 
 13
 In March 1992 Bernard instituted this action in the United States District Court for the Southern District of New York against the village, its mayor, and its assessor. Seeking compensatory and punitive damages under 42 U.S.C. Sec. 1983, Bernard claimed that the defendants' assessment method and taxation, combined with the demolition of the apartment building, constituted a condemnation and a taking of his property without just compensation in violation of the fifth and fourteenth amendments. He argued that it was the village's assessment conduct that prevented him from renovating his apartment units, caused the building to decline significantly in value, and led to its ultimate demolition. In short, according to Bernard, the village's actions effectively precluded him from making any productive use of his property or realizing his investment.
 
 
 14
 Defendants answered with a host of affirmative defenses, including failure to state a cause of action, statute of limitations, res judicata, qualified immunity, lack of subject matter jurisdiction, and failure to exhaust administrative remedies. They then moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(1) and 12(b)(6), or, in the alternative, for summary judgment under Fed.R.Civ.P. 56.
 
 
 15
 Citing both the Tax Injunction Act and our decision in Long Island Lighting Co. v. Brookhaven, 889 F.2d 428 (2d Cir.1989) (LILCO ), the district court declined to exercise jurisdiction "according to the principles of comity". It therefore granted defendants' motion and dismissed the complaint. Bernard v. Village of Spring Valley, No. 92 Civ. 1582, tr. at 6-8 (S.D.N.Y. July 30, 1993) (oral decision). Bernard now appeals.
 
 DISCUSSION
 
 16
 Bernard's three causes of action assert takings claims for defendants' failure to "separately bill and assess" his parcel for tax purposes and for demolishing the apartment building. We agree with the district court that these claims are not appropriate for resolution in federal court.
 
 
 17
 As recognized by the district court, the crux of Bernard's Sec. 1983 claim lies not so much in the building's demolition as in the village's failure to assess and tax his parcel separately, a failure that the state appellate division held to be illegal under New York law. Bernard conceded that by 1990, after the apartment building had lain vacant for ten years, been vandalized, and been damaged by several fires, its state of disrepair was serious enough to warrant demolition. He asserted no challenges to the village's authority to demolish his dangerous building nor to the procedure by which the demolition was accomplished. Instead, Bernard contended that he should be compensated for the loss of the building, because it was the village's tax-assessment conduct that caused the need for demolition. The district court held that it lacked jurisdiction to adjudicate Bernard's claims that the village's state-law violation rose to the level of a constitutional injury and entitled him to damages under Sec. 1983. We agree.
 
 
 18
 In LILCO we held that federal courts are precluded from exercising jurisdiction over challenges to state tax assessments, regardless of the type of relief sought.
 
 
 19
 While it is the Tax Injunction Act that prevents federal courts from giving injunctive relief or declaratory relief, as long as there is a plain, speedy and efficient remedy in state court, it is the principle of comity that prevents a taxpayer from seeking damages in a Sec. 1983 action if a plain, adequate, and complete remedy may be had in state court.
 
 
 20
 889 F.2d at 431 (citing Rosewell v. LaSalle Nat'l Bank, 450 U.S. 503, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981); California v. Grace Brethren Church, 457 U.S. 393, 408-11, 102 S.Ct. 2498, 2507-09, 73 L.Ed.2d 93 (1982); Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100, 116, 102 S.Ct. 177, 186, 70 L.Ed.2d 271 (1981)).
 
 
 21
 Bernard argues that because he has already obtained a final determination with respect to the taxation and assessment of his property from the state court, the Tax Injunction Act does not bar this action. Although he correctly asserts that the Tax Injunction Act does not bar his claims directly, it certainly comes close. It provides:
 
 
 22
 The district court shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such state.
 
 
 23
 28 U.S.C. Sec. 1341.
 
 
 24
 As we have previously noted, the act is rooted in principles of federalism and in recognition of a state's need to administer its own fiscal operations, and was written primarily to limit federal-court interference with local tax matters. LILCO, 889 F.2d at 431 (citing Tully v. Griffin, Inc., 429 U.S. 68, 73, 97 S.Ct. 219, 222, 50 L.Ed.2d 227 (1976); Rosewell, 450 U.S. at 522, 101 S.Ct. at 1234). In this case, although the illegality of the village's actions under state law has already been determined, the constitutionality of those actions is still in question. By asking the district court to decide this question, however, Bernard is in effect seeking a federal-court ruling on a local tax matter, precisely the type of suit the Tax Injunction Act was designed to limit as to both declaratory and injunctive relief.
 
 
 25
 As to damages, the principle of comity dictates a similar result to that suggested by the Tax Injunction Act. The Supreme Court has held that comity bars taxpayers from asserting Sec. 1983 actions against the validity of state tax systems in federal courts. Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100, 116, 102 S.Ct. 177, 186, 70 L.Ed.2d 271 (1981) (Fair Assessment ). Similarly, comity precludes federal jurisdiction over Sec. 1983 challenges to a city's administration of its fiscal programs. See Kraebel v. New York City Dep't of Housing Preservation & Development, 959 F.2d 395, 400 (2d Cir.) (New York state remedies available to challenge constitutionality of real property taxes are adequate), cert. denied, --- U.S. ----, 113 S.Ct. 326, 121 L.Ed.2d 245 (1992); LILCO, 889 F.2d at 432 (state-court Sec. 1983 damages claim adequate).
 
 
 26
 The Sec. 1983 action in Fair Assessment challenged the constitutionality of Missouri's administration of its real property tax assessments, 454 U.S. at 105, 102 S.Ct. at 180, while the Sec. 1983 action in LILCO challenged the constitutionality of the taxes levied by the Town of Brookhaven upon the Shoreham Nuclear Power Station, 889 F.2d at 430. Both cases were dismissed because "plain, adequate, and complete" remedies were available in the state courts. Fair Assessment, 454 U.S. at 116, 102 S.Ct. at 186; LILCO, 889 F.2d at 431-33. Similarly, because procedurally adequate state remedies, such as a Sec. 1983 action in state court, are available to Bernard, his constitutional objections to the village's tax assessment should be lodged in state court, not federal court. See LILCO, 889 F.2d at 432-33.
 
 
 27
 Bernard argues that, unlike the plaintiffs in Fair Assessment and LILCO, he has already obtained a state-court determination of the state tax issues, and that therefore the interests of comity are not affected here. We disagree. There is no basis for distinguishing this case from Fair Assessment and LILCO simply because this case has taken a procedural course that bifurcated the legality issue from the constitutional and damage issues. The existence of the state-court ruling that the village's assessment violated state law does not change the fact that what Bernard now seeks is a federal-court ruling on the constitutionality of that illegal act plus damages for the resulting harm. Such a determination would inject the district court into local tax-assessment matters, which is precisely what Fair Assessment and LILCO held was excluded from federal jurisdiction. If these issues must be determined, it must be in state, not federal, court.
 
 
 28
 The village contends that Bernard failed to allege a viable constitutional claim under Sec. 1983 and that therefore the complaint should be dismissed even if comity did not preclude federal jurisdiction. Because the district court dismissed the case solely on the basis of comity, it did not reach the merits of Bernard's claims. We decline to reach the merits as well, and express no view on whether the village's assessment error violated the constitution or whether the illegal assessment bore a sufficient causal connection to the demolition of Bernard's property to provide a basis for relief under Sec. 1983. These are matters for the state court to determine should Bernard decide to pursue his Sec. 1983 claims there.
 
 CONCLUSION
 
 29
 The judgment of the district court dismissing this action for lack of jurisdiction is affirmed.