MOM'S INC., et al., Plaintiffs,

v.

Judith WEBER, et al., Defendants.

Civil Action No. 2:96cv246.

United States District Court,
E.D. Virginia,
Norfolk Division.

Oct. 29, 1996.

Robert John Haddad, Shuttleworth, Ruloff & Giordano, Virginia Beach, VA, James Calvin Breeden, Hubbard, Breeden & Terry, Irvington, VA, Alan W. Clark, Chassell, MI, for Mom's Inc., John Robert Colaprete, Theodore Mazur Bonk, Edy Miller, Jennifer Marie Miller, Richard Scott Miller, II, Richard Scott Miller.

John Patrick Griffin, Office of the Attorney General, Richmond, VA, Michael King Jackson, Office of the Attorney General, Richmond, VA, James Stuart Gilmore, III, Attorney General of Virginia, Richmond, VA, for Judith Weber, Clyde Santana, Bob Dunford, Dave Altman, Daryl Ware, James Edwards, Roger Warren, David Huff, Craig Carmen, Joyce Sutton, Leon Coleman, David Libengood, Bobby Bass.

Jonathan Jackel, U.S. Department of Justice, Trial Attorney, Tax Division, Washington, DC, Lawrence R. Leonard, Office of United States Attorney, Norfolk, VA, Thomas Holderness, U.S. Department of Justice, Tax Division, Washington, DC, for George Overstreet, Carol E. Willman, Cheryl L. Kast, John C. McDougal, Robert E. Burgess, Arlene T. Campsen, Timothy Daruk, Michael E. Dunlow, Donna L. Eason, John Brink.

Lawrence Steven Emmert, Office of the City Attorney, Virginia Beach, VA, for City of Virginia Beach, Leslie L. Lilley.

Harold Phillip Juren, Deputy City Attorney, Office Of The City Attorney, Norfolk, VA, for City of Norfolk.

## MEMORANDUM AND ORDER

CLARKE, District Judge.

This matter is before the court on the State Defendants' (ABC Agents) Motion to Dismiss or for Summary Judgment and Federal Defendants' (IRS Agents) Motion to Dismiss. A hearing was held on the motions on October 23, 1996, at which time the Court denied the Federal Defendants' Motion to Dismiss from the bench and took the State Defendants' Motions under advisement. The State Defendants seek dismissal based on 28 U.S.C. Sec. 1341 as well as immunity. The Court is now prepared to rule on the State Defendants' Motions. For the reasons stated below, the State Defendants' Motions are also DENIED.

### I. Statement of Facts

The crux of Plaintiffs' claim is that the agents, both state and federal, working in concert, violated their constitutional rights under the Fourth and Fourteenth Amend-

ments of the United States Constitution by 1) obtaining a search warrant without the proper basis for probable cause and 2) using excessive force in executing the search warrant. Plaintiffs allege the following facts. Defendants relied on an informant's information that was neither verified nor corroborated and was wholly without basis. The Defendants then used this information as a basis for probable cause in order to get a search warrant from a federal magistrate judge. Upon obtaining the search warrant the Defendants executed four searches and seizures at Plaintiffs' two restaurants and two residences. There is much controversy over the obtaining of the search warrant and the manner and means used during the searches and seizures and the Court concludes the parties should have further investigated, using the discovery procedures available to them, before filing their motions.

## II. *State Defendants Claim the Federal Court Does not have Jurisdiction Pursuant to 28 U.S.C. Sec. 1341*

■ Section 1341 states "The district courts shall not enjoin, suspend, or restrain the assessment, levy or collection of any tax under State law where a plain, speedy, and efficient remedy may be had in the courts of such State." 28 U.S.C. Sec. 1341. Defendants claim that the activities of the ABC Agents in this case amounts to a tax investigation and that the real issue is the administration and collection of taxes and, therefore, this Court does not have jurisdiction over the matter. *See,* Defendants Reply Memorandum Supporting ABC Agents' Motion to Dismiss. The Court disagrees for numerous reasons.

First, the statute at issue refers to "enjoin[ing], suspend[ing], or restrain[ing]" a State in its tax administration efforts. 28 U.S.C. Sec. 1341. The Court in this case is not being asked to do any of those things. This is not a case where a plaintiff is challenging a tax assessment that has been levied against him or questioning the state's tax scheme. Here, the issue is whether or not Plaintiffs' Fourth and Fourteenth Amendment rights under the United States Constitution have been violated. The Court does not read the cases cited by the State Defen-

dants as usurping authority from the federal district courts when constitutional rights as fundamental as these are at issue.

In *Fair Ass'ment in Real Estate Assoc. v. McNary,* 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981), the Supreme Court continually referred to a state tax *scheme.* The Court stated that "recovery of damages under Sec. 1983 would first require a determination of the unconstitutionality of the state tax scheme...." *Id.* This Court is of the opinion that this line of cases is not on point with what is at issue in this case. Again, a tax scheme regarding for example, property tax laws (which was the issue in *McNary*), or anything resembling a civil tax issue is not what the Plaintiffs are complaining of. They are complaining that their homes and businesses were searched unlawfully and that the search was conducted in violation of the United States Constitution.

In addition, the Court concludes that the State Defendants decision to hang their hat on 28 U.S.C. Sec. 1341 seems somewhat at odds with what the statute was designed to do. The main reason for enacting the statute appears to be the elimination of unjust discrimination between citizens of the State and foreign corporations. It was feared that a foreign corporation, through diversity, could obtain a federal injunction prohibiting the collection of certain state taxes. *See,* S.Rep. No. 1035, 75th Cong., 1st Sess. 1–2 (1937). The statute's purpose has been expanded to include challenges by a state's citizens to the state's tax scheme. The Court points out that it agrees with the purpose of the statute and if this case were one simply involving a dispute over the collection of state taxes or merely an investigation into records to determine if there had been a violation of state tax laws, 28 U.S.C. Sec. 1341 might well apply.

However, the Court agrees with the Seventh Circuit's decision in *Fulton Market Cold Storage Co. v. Cullerton,* 582 F.2d 1071 (7th Cir.1978). In that case the court held that "Section 1341 only bars certain forms of relief; it does not serve to deprive a federal court of jurisdiction of all actions merely because the defendant is a state ... tax official. If a state ... tax official intentionally violates a plaintiff's constitutional rights,

he may be held liable for an action for damages." *Id.* at 1079.

The Court acknowledges that there are cases which hold that an action for damages under Sec. 1983 is barred, however, these cases also deal with specific tax scheme questions and do not involve challenges to something as fundamental to the American judicial system as the Fourth Amendment. *See, Bernard v. Village of Spring Valley, N.Y.*, 30 F.3d 294 (1994).

The Court further agrees with the *Fulton* decision in that "a state ... tax official will be liable for damages under Sec. 1983 only if he violated the plaintiff's clearly established constitutional rights intentionally or with reckless disregard of those rights." *Id.* at 1080. This last point is precisely why the Court is compelled to deny State Defendants' Motion in order for a more thorough investigation to ensue. The parties are both entitled to additional discovery and a chance to present and defend their respective cases.

Lastly on the subject of jurisdiction, the Court is concerned that the State ABC Agents used the federal court system to obtain a search warrant from a federal magistrate, and now claim that the federal judiciary does not have jurisdiction over an alleged constitutional violation arising from the search conducted pursuant to such warrant. The Court does not deem it necessary to decide this issue at this time because the issues have been resolved on other grounds.

### III. *Immunity*

■ The State Defendants claim that they should be granted immunity and cite as their authority *Swanson v. Powers*, 937 F.2d 965 (4th Cir.1991). The Court agrees that the ABC Agents have the statutory authority under Va.Code Sec. 4.1–118 to verify ABC licensees' food to alcohol sales ratios annually. *See,* State Defendants' Opposition to Plaintiffs' Motion for Extension of Time and Production. However, the Court disagrees that this is the essence of Plaintiffs' claims. In *Swanson,* the Fourth Circuit ruled that the Secretary of the North Carolina Department of Revenue was not liable when it was determined that the state's tax scheme was unconstitutional as a result a Supreme Court decision she could not have predicted. The

Fourth Circuit stated, "[g]overnment officials who are performing their official duties are generally shielded from liability for civil damages." *Id.*

The Court reads this case to mean, and rightly so, that a state official cannot be responsible for carrying out the state law as it exists at the time even if the law is later declared unconstitutional. The Court does not agree that *Swanson* has any relevance to this case. The Court does not disagree that the ABC Agents must carry out Virginia tax laws, but what is before the Court is an allegation that the ABC Agents obtained the search warrant unlawfully and then conducted searches and seizures improperly. Certainly the State Defendants are not claiming that the Virginia State Tax laws give them a statutory right to use *any* means whatsoever to verify ABC licensees' food to alcohol sales ratios even if it means violating the United States Constitution. With only the present facts before it, the Court does not agree that the State Defendants should be granted immunity for their actions.

### IV. *Conclusion*

For the foregoing reasons, along with the fact that the Court is of the opinion that the record in this case has not been sufficiently developed, the State Defendants' (ABC Agents) Motion to Dismiss or for Summary Judgment is DENIED. The Clerk is requested to send a copy of this Order to counsel for Plaintiffs, Federal Defendants, and State Defendants.

IT IS SO ORDERED.