104 F.3d 352
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Sylvester O. ABIDEKUN, Appellant,
v.
DEPARTMENT OF HOUSING PRESERVATION & DEVELOPMENT, Appellee.
 No. 96-7316.
 United States Court of Appeals, Second Circuit.
 Nov. 22, 1996.
 
 Appeal from the United States District Court for the Eastern District of New York (Block, J.).
 
 
 1
 FOR APPELLANT: Sylvester O. Abidekun, pro se, Brooklyn, NY.
 
 
 2
 FOR APPELLEE: Kristin M. Helmers, Assistant Corporation Counsel for the City of New York, New York, NY.
 
 
 3
 E.D.N.Y.
 
 
 4
 AFFIRMED.
 
 
 5
 Before OAKES, McLAUGHLIN and CABRANES, Circuit Judges.
 
 
 6
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued.
 
 
 7
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 8
 Abidekun purchased property from the City in 1982. At the time of the sale, Abidekun also gave the City a purchase money mortgage in the amount of $21,000. From 1983 to 1985, Abidekun failed to pay certain expenses and the City entered tax liens on the property. Abidekun had notice of the liens on or about August, 1985. Several months later, Abidekun entered into an In Rem Installment Agreement with the City in which he agreed to pay off of the tax liens in installments and all current taxes and other assessments as they came due.
 
 
 9
 By January 1987, the City had filed an In Rem Tax Foreclosure Action against Abidekun on the basis of the above liens and other assessments against the property. In July, 1988, Abidekun commenced an Article 78 proceeding seeking dismissal of the pending In Rem action and requested that the State Supreme Court invalidate the various liens. In May, 1989, the Supreme Court dismissed the action.
 
 
 10
 By 1990, Abidekun had also defaulted on his In Rem Installment Agreement. The City moved to foreclose against the property. The New York Supreme Court granted the order and transferred title to the City in October, 1990. Two months later, Abidekun applied for a release of the City's interest in the property. The application for release was ultimately denied in December, 1992 because Abidekun failed to pay off the liens and did not remit certain statutory fees. In September, 1993, the Civil Court, Housing Part, Queens County, issued an eviction order.
 
 
 11
 Abidekun filed this suit in federal court in May, 1993, under 42 U.S.C. §§ 1982, 1983 and 1985, contesting the validity of the liens and claiming that City officials had conspired to deprive him of his property. Defendants moved to dismiss pursuant to Fed. R. Civ. Proc. 12(b), arguing that: (1) the federal court lacked subject matter jurisdiction; and (2) the principles of comity necessitated dismissal; or (3) alternatively, Abidekun's challenge was barred by: (a) the doctrines of res judicata and collateral estoppel; and (b) the statute of limitations. Judge Block granted defendant's motion to dismiss from the bench.
 
 
 12
 Abidekun appeals, arguing that: (1) the dismissal denied him his right to jury trial; (2) City officials conspired to deprive him of his property; and (3) Judge Block should be recused from all of plaintiff's pending cases.
 
 
 13
 1. Lack of subject matter jurisdiction. The City argues that the district court did not have jurisdiction over the Section 1983 claim under principles of comity and the tradition of avoiding federal involvement in local state tax matters.
 
 
 14
 Federal injunctive challenges to state tax laws are barred in federal courts. Kraebel v. Department of Housing Preservation & Dev., 959 F.2d 395, 400 (2d Cir.1992); see 28 U.S.C. § 1341 ("The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."). The principle of comity also bars federal courts from considering Section 1983 claims for damages against the administration of a state tax scheme. LILCO v. Town of Brookhaven, 889 F.2d 428, 431 (2d Cir.1989). However, "[f]ederal jurisdiction over challenges to state tax schemes is not precluded ... if state remedies are inadequate." Kraebel, 959 F.2d at 400.
 
 
 15
 New York State courts offer sufficient remedies for plaintiff, precluding federal jurisdiction. Among other options, Abidekun could have challenged his tax liens through an Article 78 proceeding; a suit for declaratory relief under N.Y. C.P.L.R. 3001 and/or N.Y. Gen. Mun. Law § 51, see LILCO, 889 F.2d at 431; or a Section 1983 case brought in state court, see Bernard v. Village of Spring Valley, 30 F.3d 294, 297 (2d Cir.1994).
 
 
 16
 We conclude that the district court properly dismissed the action because adequate state remedies were available to plaintiff and because principles of comity compelled dismissal.
 
 
 17
 2. The Statute of Limitations. Any Section 1983 action arising in New York is subject to a three-year statute of limitations. Murphy v. Lynn, 53 F.3d 547, 548 (2d Cir.1995). Such a cause of action accrues when the plaintiff " 'knows or has reason to know of the injury which is the basis of his action.' " Singleton v. City of N.Y., 632 F.2d 185, 191 (2d Cir.1980) (citation omitted).
 
 
 18
 Abidekun had notice of the liens in August 1985, the denial of a loan application in 1984, and the foreclosure action in March, 1990, but brought this action to federal court in May, 1993. Abidekun's claims are time-barred by the three-year statute of limitations.
 
 
 19
 3. Failure to State a Claim for Conspiracy. Abidekun also claims that City officials conspired to deprive him of his property. Abidekun has failed to state a claim under 42 U.S.C. § 1985.
 
 
 20
 Section 1985 prohibits conspiracies that intend to deprive "either directly or indirectly, any person ... of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). "[P]laintiff must allege 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.' " Gagliardi v. Village of Pawling, 18 F.3d 188, 194 (2d. Cir1994) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)). Claims of conspiracy " 'containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss.' " Leon v. Murphy, 988 F.2d 303, 311 (2d Cir.1993) (citation omitted).
 
 
 21
 Abidekun has not alleged any specific facts to support his claim of a conspiracy. The district court was correct in granting the City's motion to dismiss.
 
 
 22
 We have considered all of the arguments raised by Abidekun, and find them to be without merit.
 
 
 23
 Accordingly, the decision of the district court is AFFIRMED.