**William H. DOURLAIN,**
**Plaintiff–Appellant,**

v.

**COMMISSIONER OF TAXATION AND FINANCE; John Doe, Unknown Named Employee of the NYS Dept. of Taxation and Finance; John Doe # 2,**

Unknown Named Employee of the NYS Dept. of Taxation and Finance; John Doe # 3, Unknown Named Employee of the NYS Dept. of Taxation and Finance, Defendants–Appellees.

No. 04–3178.

United States Court of Appeals, Second Circuit.

May 16, 2005.

William H. Dourlain, Manlius, New York, for Appellant, pro se.

Gregory Silvert, Assistant Solicitor General (Andrea Oser and Julie S. Mereson, Assistant Solicitors General), for Eliot Spitzer, Attorney General of the State of New York, Albany, New York, for Appellees, of counsel.

PRESENT: RAGGI, WESLEY, and CUDAHY,[1] Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant William H. Dourlain, proceeding *pro se*, sues for legal and equitable relief under 42 U.S.C.

---

1. The Honorable Richard D. Cudahy, of the United States Court of Appeals for the Seventh Circuit, sitting by designation.

§ 1983 and 18 U.S.C. § 876, challenging the constitutionality of a tax warrant issued under Article 22 of New York's Tax Law, which permitted the garnishment of his wages to satisfy New York State income tax obligations. After affording Dourlain two opportunities to amend his complaint, the district court *sua sponte* dismissed this action pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 5.4(a) of the Local Rules of Practice for the Northern District of New York. We review this dismissal *de novo, see McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir.2004); *Cieszkowska v. Gray Line New York,* 295 F.3d 204, 205 (2d Cir.2002) (*per curiam* ), mindful that a complaint should not be dismissed for failure to state a claim unless it is beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief, *see McEachin v. McGuinnis,* 357 F.3d at 200. We assume familiarity with the facts and the prior proceedings, which we reference only as necessary to explain our decision to affirm.

The Tax Injunction Act and principles of comity preclude a party from pursuing any legal or equitable challenge to state tax laws and policies in federal court "if a plain, adequate, and complete remedy may be had in state court." *Long Island Lighting Co. v. Town of Brookhaven,* 889 F.2d 428, 431 (2d Cir.1989); *see also Bernard v. Village of Spring Valley,* 30 F.3d 294, 297 (2d Cir.1994); *Kraebel v. New York City Dep't of Hous. Pres. & Dev.,* 959 F.2d 395, 400 (2d Cir.1992). In this case, the district court twice afforded Dourlain the opportunity to plead the absence of a plain, adequate, and complete remedy in state court. His failure to do so, even in his second amended complaint, supports the court's *sua sponte* dismissal of the action. In any event, it is doubtful that such a pleading could be advanced in good faith given the Supreme Court's long-standing view that New York law affords a "plain, speedy and efficient" means to address constitutional challenges to state tax actions. *See Tully v. Griffin, Inc.,* 429 U.S. 68, 76–77, 97 S.Ct. 219, 50 L.Ed.2d 227 (1976); *see also Bernard v. Village of Spring Valley,* 30 F.3d at 297.

To the extent Dourlain argues otherwise on appeal, asserting—without the support of any legal authority—that New York state courts are incompetent to hear issues of federal law, his argument is foreclosed by the Supreme Court's express recognition that "nothing in the concept of our federal system prevents state courts from enforcing rights created by federal law." *Charles Dowd Box Co. v. Courtney,* 368 U.S. 502, 507, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962); *see Stone v. Powell,* 428 U.S. 465, 494 n. 35, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). Indeed, the Supreme Court has directed taxpayers presenting § 1983 challenges to state tax assessments to the state courts: "taxpayers must seek protection of their federal rights by *state remedies,* provided of course that those remedies are plain, adequate, and complete, and may ultimately seek review of the *state decisions* in this Court." *Fair Assessment in Real Estate Ass'n, Inc. v. McNary,* 454 U.S. 100, 116, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981) (emphasis added); *see also Long Island Lighting Co. v. Town of Brookhaven,* 889 F.2d at 432 (noting taxpayer can bring § 1983 action in state court).

■ Nor does Dourlain's invocation of a criminal statute, 18 U.S.C. § 876, save his second amended complaint from dismissal. "It is a truism" long recognized by federal courts "that in our federal system crimes are always prosecuted by the Federal Government," not by private complaints. *Connecticut Action Now, Inc. v. Roberts Plating Co.,* 457 F.2d 81, 86–87 (2d Cir.1972). To conclude otherwise, a party must show that Congress specifically intended to cre-

ate a private right of action. *See generally Gonzaga Univ. v. Doe,* 536 U.S. 273, 283, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002) (observing that enforcement of statutory violation under § 1983 requires showing that "Congress intended to create a federal right"). As in *Alaji Salahuddin v. Alaji,* 232 F.3d 305, 308, 311–12 (2d Cir.2000), another case in which we affirmed a district court's *sua sponte* dismissal of a civil action based on a federal criminal statute, there is no reason to think that Congress intended § 876 to be privately enforceable.

Accordingly, the April 27, 2004 judgment of the district court dismissing Dourlain's second amended complaint is hereby AFFIRMED.