*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 23, 2014                    517488
_____

In the Matter of GOODHUE
    WILTON PROPERTIES, INC.,
                    Appellant,

        v

ASSESSOR OF THE TOWN OF WILTON,                    MEMORANDUM AND ORDER
                    Respondent,
                    et al.,
                    Respondent.
_____

Calendar Date:  September 4, 2014

Before:  Peters, P.J., Stein, Garry and Lynch, JJ.

                        _____


        Brian D. Mercy, Schenectady, for appellant.

        The Vincelette Law Firm, Albany (Jonathan G. Schopf of
counsel), for Assessor of the Town of Wilson, respondent.

                        _____


Lynch, J.

        Appeal from a judgment of the Supreme Court (Nolan Jr.,
J.), entered June 26, 2013 in Saratoga County, which partially
granted petitioner's application, in a proceeding pursuant to
RPTL article 7, to reduce the 2009 tax assessment on certain real
property owned by petitioner.

        In 2006, petitioner purchased 72.58 acres of vacant,
unimproved land located in the Town of Wilton, Saratoga County
for $330,000.  Two years later, petitioner conveyed 26 acres of
the property to the Town as part of its application for a
subdivision approval.  Following this conveyance, the 2008
assessment for the remaining 46.58 acres (hereinafter the subject

property) was reduced to $230,100.  After the subdivision map was approved and filed, the subject property was divided into a roadway parcel and 29 separate residential parcels that ranged in size from .95 acre to 3.24 acres.  In 2009, the subject property was assessed as having a total value of $1,127,500.  Petitioner thereafter commenced this RPTL article 7 proceeding to challenge this assessed value.  After a nonjury trial, at which the parties each offered the testimony and detailed reports of their appraisers, Supreme Court determined to adjust the assessments with respect to 22 of the residential parcels and the roadway, resulting in a net assessment reduction of those parcels to $755,753.99.  Petitioner now appeals and we affirm.

Initially, we reject petitioner's argument that respondent Assessor of the Town of Wilton (hereinafter respondent) did not meet its burden because it did not explain its methodology.  Generally, because a tax assessor's property valuation is presumed to be valid, respondent did not have the initial burden to establish "proof of the correctness of their valuation" (Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d 179, 187 [internal quotation marks and citation omitted]).  Where an assessor revalues a particular property between town-wide revaluations and there is a claim that property was selectively reassessed, "he or she must be prepared to show how any change brings such assessment into line with those of other properties whose assessments go unchanged" (Matter of Harris Bay Yacht Club, Inc. v Town of Queensbury, 68 AD3d 1374, 1375 [2009] [internal quotation marks and citation omitted]).  Here, although petitioner alleged in its petition that the property was selectively assessed, because it presented no arguments or evidence in support of this claim in the proceedings before Supreme Court, we find that it was not preserved for our review (see Matter of Gibson v Gleason, 20 AD3d 623, 624 [2005], lv denied 5 NY3d 713 [2005]).  Moreover, the claim is not applicable where, as here, each parcel was separately assessed following the filing of subdivision maps (see RPTL 504 [4]; Matter of Bernard v Rosenthal, 172 AD2d 931 [1991], lv denied 78 NY2d 864 [1991] [unless impracticable, subdivision lots should be separately assessed]).

After hearing the testimony and written report by petitioner's appraiser, Supreme Court determined, and respondent does not now dispute, that petitioner overcame the generally applicable presumption of validity, by demonstrating "[s]ubstantial evidence" of overvaluation, or, put differently, "the existence of a valid and credible dispute regarding valuation" (Matter of Adirondack Mtn. Reserve v Board of Assessors of the Town of N. Hudson, 106 AD3d 1232, 1234 [2013] [internal quotation marks and citation omitted]).  Accordingly, the court was obligated to "weigh the entire record, including evidence of claimed deficiencies in the assessment, to determine whether petitioner has established by a preponderance of the evidence that its property has been overvalued" (Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d at 188).  On this appeal, "the issue distills to whether Supreme Court's determination is supported by the weight of the evidence" (Matter of Brooks Drugs, Inc. v Board of Assessors of City of Schenectady, 51 AD3d 1094, 1095 [2008], lv denied 11 NY3d 710, [2008] [internal quotation marks and citations omitted]).

At trial, petitioner relied on the testimony of David Fontana, a real estate appraiser retained to value the subject property.  Using the comparable sales method, Fontana determined that, for tax year 2009, the property should have been valued at $6,200 per acre or $290,000 for the entire property.  In Fontana's view, the property should have been valued as one parcel, on a per-acre basis, not 29 separate parcels.  Respondent relied on the testimony and report of its expert, Steven Clark, who also used the comparable sales method.  Clark valued each parcel separately to conclude that, for tax year 2009, the aggregate value of the subject property was $1,183,000.  During his testimony, Clark explained that the "interior" parcels without any infrastructure were not as valuable as those with frontage on the town road.  As to the interior lots, he valued each at $37,000, even though the parcels varied in size.

Petitioner now contends that Supreme Court should have valued the property as a whole, on a per-acre basis, and that it should not have assigned a separate value to each parcel.  We disagree.  Generally, whether a property should be valued as a whole or as the sum of separate parcels is a factual

determination (see Matter of Adirondack Mtn. Reserve v Board of Assessors of the Town of N. Hudson, 106 AD3d at 1234). Further, "[w]here . . . conflicting expert evidence is presented, [this Court] defer[s] to the trial court's resolution of credibility issues" (Matter of Lowe's Home Ctrs., Inc. v Board of Assessment Review and/or Dept. of Assessment Review of Tompkins County, 106 AD3d 1306, 1307 [2013]). In our view, Supreme Court properly rejected petitioner's opinion in this regard. As the Court noted, petitioner's expert failed to recognize that, although unimproved, the subject property had been legally subdivided into 29 separate parcels and that seven parcels were immediately marketable (see Matter of Ulster Bus. Complex v Town of Ulster, 293 AD2d 936, 940 [2002]). As Supreme Court's factual finding is explained and supported by the record, it is entitled to deference (see Matter of City of Troy v Town of Pittstown, 306 AD2d 718, 720 [2003], lv denied 1 NY3d 505 [2003]).

We further find that Supreme Court's determination of each parcel's value is supported by the record. As noted, both experts relied upon evidence of comparable sales, which is "generally the preferred measure of a property's value for assessment" (Matter of Lowe's Home Ctrs., Inc. v Board of Assessment Review and/or Dept. of Assessment Review of Tompkins County, 106 AD3d at 1307 [internal quotation marks and citation omitted]). Contrary to petitioner's argument, the record confirms that when he cited comparable sales, respondent's expert did consider the absence of any infrastructure with respect to the subject property's 22 interior parcels, and made adjustments where necessary.[1] Supreme Court properly exercised its authority to adjust the parties' valuations, and its adjustments are adequately explained and supported by the record (see Matter of Adirondack Mtn. Reserve v Board of Assessors of the Town of N. Hudson, 106 AD3d at 1240). We find no basis to disturb Supreme Court's judgment incorporating its decision and assigning value

---

[1] Supreme Court primarily relied on a comparable sale cited by both experts. Respondent's expert specifically noted that the parcels in such comparable sale were sold on a per-lot basis prior to the completion of the infrastructure and roadway. Accordingly, no adjustments were necessary.

to each of the 22 interior lots.[2]

Peters, P.J., Stein and Garry, JJ., concur.


ORDERED that the judgment is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court

---

[2]  Supreme Court's judgment assigned a value to one parcel that exceeded the value assigned by respondent's appraiser at trial (parcel 3) and a value to seven parcels that exceeded both the value assigned by respondent's appraiser and the assessment at issue (parcels 1, 2, 11, 18, 27, 28 and 29).  The judgment was submitted on notice and Supreme Court retained jurisdiction to resolve any disputes with regard to individual assessments, but petitioner did not object to the individual assessments either before Supreme Court or upon this appeal.  Thus, any issue in this regard has been abandoned (see Roohan v First Guar. Mtge., LLC, 97 AD3d 891, 892 [2012]; Matter of Lehigh Portland Cement Co. v Assessor of the Town of Catskill, 263 AD2d 558, 560 [1999]).