*MLB Enterprises, Corp. v. New York State Dept. of Taxation & Finance, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19ᵗʰ day of October, two thousand twenty.

Present:
>      DEBRA ANN LIVINGSTON,
>           *Chief Judge,*
>      DENNY CHIN,
>           *Circuit Judge*,
>      KATHERINE POLK FAILLA,
>           *District Judge.*\*

_____

MLB ENTERPRISES, CORP.,

>      *Plaintiff-Appellant*,

>      v.                                                      20-993

NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE.

>      *Defendants-Appellees*.

_____

---

\* Judge Katherine Polk Failla, of the United States District Court for the Southern District of New York, sitting by designation.

For Plaintiff-Appellant: JENNIFER M. KINSLEY, Kinsley Law Office (Daniel A. Silver, Silver & Silver LLP, New Britain, CT, *on the brief*), Cincinnati, Ohio.

For Defendants-Appellees: CAROLINE A. OLSEN, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, and Steven C. Wu, Deputy Solicitor General, *on the brief*), *for* LETITIA JAMES, Attorney General for the State of New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant MLB Enterprises, Corp. ("MLB") appeals from a February 26, 2020 decision of the district court dismissing its complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). We affirm the district court's dismissal and conclude that the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, prevented the district court from exercising subject matter jurisdiction over this matter. On appeal from a judgment dismissing a suit for lack of subject matter jurisdiction, we review a district court's factual determinations for clear error, and legal conclusions de novo. *Lotes Co. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 403 (2d Cir. 2014). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**1. Background & Prior Proceedings**

MLB brought suit in the court below against the New York State Department of Taxation and Finance ("NYSDTF") and its Commissioner (collectively, "Defendants-Appellees") on May 22, 2019, challenging MLB's assessment for several million dollars in unpaid taxes and seeking declaratory and injunctive relief. MLB disputes its assessment pertaining to its strip club, "Lace,"

2

which it owned and operated until the club closed in 2018. At the crux of its dispute is an alternative currency called "scrip," which patrons of Lace would use to tip dancers who performed at the club. Scrip was sold at Lace for purchase with a credit card, which had the benefit of avoiding ATM limits. MLB contracted with Metro Enterprises Corp. ("Metro") to facilitate the sale of scrip. Neither MLB nor Metro reported the sale of scrip in its gross taxable receipts and instead both claim to have treated the scrip as "gratuities belonging to the entertainers."

NYSDTF conducted an audit of Lace's operations for the period beginning March 1, 2010 and extending through February 28, 2014. NYSDTF determined that MLB "had underreported amounts received for 'party room' rentals, bar sales, coat check and general door admissions, and had not remitted sales tax for transactions conducted in 'scrip.'" The auditors also found that MLB had not maintained records demonstrating that it ultimately remitted to its dancers the money received in relation to purchases of scrip. On December 1, 2016, NYSDTF issued Notices of Determination indicating that MLB and Anthony Capeci, MLB's president and sole corporate officer, owed several million dollars in unpaid taxes, penalties, and interest. The NYSDTF considered Capeci jointly liable with MLB for the full amount as an "Officer/Responsible Person" under §§ 1138(a), 1131(1), and 1133 of the New York Tax Law.

After a hearing before the Bureau of Conciliation and Mediation Services, MLB and Capeci appealed the Notices of Determination through New York State's administrative tax appeal process. On March 23, 2019, MLB and Capeci submitted petitions requesting review by the Division of Tax Appeals. An evidentiary hearing was held before an ALJ on January 29, 2020, and a separate evidentiary hearing was set for Capeci in September 2020.

While these state administrative proceedings were pending, MLB filed this action below, challenging the tax assessments under 42 U.S.C. § 1983 and N.Y. C.P.L.R. § 3001. Seeking a

3

declaratory judgment that the tax assessments were invalid and an injunction barring their enforcement, MLB argued that scrip sales and rental party room charges are not taxable under New York law. MLB also argued that taxing the sale of scrip violates its due process rights under the Fourteenth Amendment and the New York State Constitution because it would require it to retain entertainers' tips in violation of the Fair Labor Standards Act, and the New York Labor Law. On July 26, 2019, the Defendants-Appellees filed a motion to dismiss for lack of subject matter jurisdiction, which the district court granted on February 26, 2020.

## 2. The Tax Injunction Act

The TIA provides that federal courts "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. This prohibition is jurisdictional and operates to strip the federal courts from exercising subject matter jurisdiction over claims for both declaratory and injunctive relief. *See Bernard v. Village of Spring Valley*, 30 F.3d 294, 297 (2d Cir. 1994). An analogous prohibition extends to claims for damages under 42 U.S.C. § 1983 through the principle of comity. *See Long Island Lighting Co. v. Town of Brookhaven*, 889 F.2d 428, 431 (2d Cir. 1989) (noting that there is "no significant difference" between the "'plain, speedy and efficient' standard set forth in the [TIA] and the 'plain, adequate, and complete' standard governing comity" (quoting *Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100, 116 n.8 (1981))).

MLB is seeking a declaratory judgment that the tax assessments against it are invalid and an injunction barring New York from enforcing its tax law. Therefore, its suit plainly constitutes the type of interference in state court proceedings that the TIA is meant to prevent. *See Entergy Nuclear Vt. Yankee, LLC v. Shumlin*, 737 F.3d 228, 234 (2d Cir. 2013) (noting that the TIA aims

4

to "prevent[] the federal judiciary from interfering with the state collection of revenues"). MLB's position is that the TIA does not apply because no remedy in New York state court "[is] actually available to [it]." We reject the contention.

New York provides a "plain, speedy and efficient" remedy within the meaning of the TIA. A state provides taxpayers with "plain, speedy and efficient" relief "where the available state-court procedures satisfy certain 'minimal procedural criteria,' including a 'full hearing and judicial determination at which [a taxpayer] may raise any and all constitutional objections to the tax.'" *Entergy Nuclear*, 737 F.3d at 233-34 (alteration in original) (quoting *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 512, 514 (1981)). The Supreme Court has previously concluded that New York's procedures for challenging tax assessments meet the "plain, speedy and efficient" standard. *See Tully v. Griffin, Inc.*, 429 U.S. 68, 74-77 (1976); *see also Long Island Lighting Co.*, 889 F.2d at 431 ("Because New York provides several remedies which afford [the taxpayer] an opportunity to raise all constitutional objections to the real property taxes imposed, . . . the Tax Injunction Act bar[s] access to federal court.").

Here, MLB can seek judicial review of the Tax Tribunal's decision in an Article 78 proceeding in New York state court. N.Y. Tax Law §§ 1138(a)(4), 2016. MLB argues that it cannot bring such a proceeding because it does not have the financial means to make prepayment or post a bond as required to begin an Article 78 proceeding, N.Y. Tax Law § 1138(a)(4). But even assuming *arguendo* that this claim is relevant to its challenge to New York's procedures, New York's statutory requirement does not apply to officers, directors, or employees of corporations. *Id.* Therefore, Capeci—who is jointly liable for the same assessments as MLB— could himself bring an Article 78 proceeding. *See Franchise Tax Bd. of Cal. v. Alcan Aluminum Ltd.*, 493 U.S. 331, 339 (1990) ("[Taxpayers'] inability to bring state-court challenges in their own

5

names is not determinative where, as here, they control entities that can bring such challenges. To rule otherwise would be to elevate form over substance.").

Further, MLB can also seek declaratory relief in state court. *See Bankers Tr. Corp. v. N.Y.C. Dep't of Fin.*, 1 N.Y.3d 315, 321 (2003) (explaining that New York courts make an exception to the requirement that taxpayers make "exclusive" use of the administrative process when a tax statute is "alleged to be unconstitutional, by its terms or application, or where the statute is attacked as wholly inapplicable" (quotation marks omitted)). While MLB argues otherwise, it points to a case that did not involve constitutional claims. *See Metro Enters. Corp. v. Dep't of Taxation & Fin.*, 98 N.Y.S. 3d 652 (2019). The other case on which it relies, *Dennis v. 44th Enterprises Corp.*, 2019 WL 3802394 (Sup. Ct. N.Y. Cty.), does not shake our view that New York state courts offer a "plain, speedy and efficient" remedy for constitutional claims. The supreme court in *Dennis* did reach the merits of the plaintiff's complaints, finding that "[i]n any event, [the NYSDTF] is not . . . violating the constitutional rights of the defendants-stakeholders by requiring them to violate the New York Labor Law in order to comply with the Tax Law." *Id.* at *9 (alterations and quotation marks omitted). Further, *CMSG Restaurant Group, LLC v. State of New York*, 145 A.D.3d 136, 141 (N.Y. App. Div. 2016), remains good law. *See id.* ("[B]ecause plaintiffs challenge the tax laws as unconstitutional . . . these claims are not limited by an exclusive administrative remedy . . . ."). Accordingly, MLB provides no reason to conclude that New York lacks a "plain, speedy and efficient" remedy for purposes of the TIA. Therefore, the district court did not err in finding that it was prohibited from entertaining MLB's action.

\* \* \*

6

We have considered MLB's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk