Howard T. Hogan, J.
In this tax certiorari proceeding, the petitioner moves for an order pursuant to CPLR 408 to take the deposition on oral questions of the Assessor of .the Village of Lynbrook. The respondents cross-move to examine the petitioner concerning the method employed by it in valuing its property which valuations are furnished respondents as true and correct and upon which the respondents have relied.
The tax years involved were 1971/72 and 1972/73.
This proceeding is unlike most assessment review proceedings in that it involves assessments which were increased by the respondent village after the close of the normal grievance periods for the respective tax years.
Respondent village claims the assessor was “mistaken” and that he intended to place the assessments for the years under review at the higher values which he later inserted.
In this examination of respondent, petitioner also seeks discovery of all correspondence between it and the respondents relative to the assessments as well as all records of the assessments and the method of procedure followed by the assessor in determining the assessed valuation of the property for the tax years 1968/69 through 1972/73 inclusive.
The petitioner did not and does not now protest the original assessments placed upon the property.
Respondents indicate that in the past it has accepted and adopted values of the petitioner’s plant and equipment as represented by the petitioner. Section 1412 of the Real Property Tax Law permits the board of1 trustees of any village upon the verified petition of the assessor to correct errors of the assessment roll where there has been a mistake and the value is different from that intended by the assessors for ¡such property, not only for the current year under review but for the preceding ytear. It is this facet of the law upon which respondents rely in increasing the assessments of petitioner’s prop *561 erty, and it is on this specific issue which petitioner’s seek to examine the assessor.
The items upon which petitioner desires to conduct an oral examination before trial all point to determining the nature and extent of the alleged mistake.
The respondents contend that the assessor cannot be examined before trial because his methods, observations and judgments upon which his valuations are based are not proper subjects of judicial scrutiny. Assuming arguendo that this contention is an absolute rule of law, the petitioner herein, does not seek .to examine into the mental processes used by the assessor in arriving at his valuations. Simply stated, the assessor says that he was mistaken when he prepared the tax rolls in question and he intended to set forth higher assessments than he actually used. Petitioner disputes this position. It is, therefore, relevant and proper to inquire into his intent at the time he prepared the tax rolls.
If the original assessment rolls do not reflect a value different from that intended by .the assessor at the time he prepared the rolls, he was not mistaken within the purview of section 1412 and the assessments must be restored to the lower figures originally placed on the rolls. The determination of the assessor’s intent or mistake will be dispositive of this proceeding. Therefore, the respondents’ cross motion for an order directing the petitioner to be examined as to the methods it uses in valuing its own property is not relevant and proper at this time.
If this procedure followed by the respondents of increasing assessments of petitioner’s property is permitted without establishing the nature and extent of his “mistake”, no village assessment roll will ever be final until two years after it is published, and the finality of assessments becomes nugatory which could well create chaos for the taxpayer. He could never be certain of his tax burden for a period of two years after the assessment.
Certainly, the assessor by being permitted to change his mind after grievance day by increasing the value of the .taxpayer’s property should be subject to examination as to the reasons for such increase and as to the nature of his alleged mistake.
The court recognizes that in the ordinary assessment review proceeding permission is not usually granted to examine the assessor before trial for the reason that he is a quasi-judicial officer (Matter of Limerick v. Fitsgerald, 29 Misc 2d 185). In this proceeding, however, issues are raised as to whether the *562 assessor actually made a mistake in the original assessment and whether he intended to place the property on the rolls at the increased values the respondents now claim.
Accordingly, petitioner’s motion for disclosure upon the matters and within the scopes .set forth within its moving papers is granted except as to all records of years preceding the years under review, and as to those years, denied.
If it develops that the assessor has in fact not made any mistake there would be no need for an examination of the petitioner before trial concerning its method of compiling data which it furnishes to respondents. (Matter of Lessen v. Stevens, 30 A D 2d 740; Blooming Grove Props, v. Board of Assessors of Town of Blooming Grove, 34 A D 2d 953.) Hence, the cross motion under the circumstances is denied as being premature.