■ In the Matter of TOWNE HOUSE VILLAGE CONDOMINIUM, Appellant, v ASSESSOR OF THE TOWN OF ISLIP et al., Respondents. [607 NYS2d 87] —In a proceeding pursuant to CPLR article 78 to compel the Board of Assessors of the Town of Islip to delete an increase in value for the petitioner's property and to compel the Town of Islip to refund any overpayment of taxes caused by the increase, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Geiler, J.), dated December 31, 1991, which, after a hearing, dismissed the petition.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, and the matter is remitted to the Supreme Court, Suffolk County, for entry of an appropriate judgment.

Prior to April 1989, the subject property was operated as a 150-unit residential apartment complex. For the 1988/89 tax

year, the Assessor for the Town of Islip assessed the property at $2,250,000. On April 28, 1989, the property was converted to condominium ownership. The Assessor of the Town of Islip reassessed the property for the 1989/90 tax year in order to comply with its legal obligation to provide an individual assessment for each condominium unit (see, Real Property Law § 339-y [1] [a]). The total assessment for the 1989/90 tax year was $3,915,400.

It is clear, from both the papers submitted in opposition to the petition and from the testimony at the hearing, that the increase in assessment was the result of the subject property's conversion to condominium ownership. Such an increase in assessment is prohibited by statute (see, Real Property Law § 339-y [1] [b]; RPTL 581; Matter of 22 Park Place Coop. v Board of Assessors, 102 AD2d 893).

Even were the Assessor not prohibited from assigning a higher assessment due to conversion to condominium ownership, there was no rational basis in law for reassessing only the subject property. Such a "selective reassessment" is improper as a denial of equal protection guarantees (see, Allegheny Pittsburgh Coal v Webster County, 488 US 336; Matter of Krugman v Board of Assessors, 141 AD2d 175; cf., Nordlinger v Hahn, 505 US —, 112 S Ct 2326). Bracken, J. P., Balletta, Copertino and Santucci, JJ., concur.