■ In the Matter of ALUMINUM COMPANY OF AMERICA, Appellant, v BOARD OF ASSESSORS OF THE TOWN OF MASSENA et al., Respondents. [656 NYS2d 555] —Spain, J. Appeal from a judgment of the Supreme Court (Demarest, J.), entered October 11, 1996 in St. Lawrence County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition for failure to state a cause of action.

Petitioner brought this CPLR article 78 proceeding challenging the real property tax assessments of its industrial property in the Town of Massena, St. Lawrence County. In 1995 the Town conducted a revaluation of all taxable real property within its boundaries to bring its assessment roll up to date. In early March 1996 the Town sent to petitioner an assessment disclosure notice. The notice was marked "For Information Only—This is not a tax bill" and informed petitioner that the preliminary taxable assessment on its two main parcels in Massena had been set at $78,200,000. On May 7, 1996 the Town sent petitioner a notice of change of assessment. This notice stated that the actual 1996-1997 tax assessment for petitioner's Massena properties would be $99,750,000. Petitioner then instituted this CPLR article 78 proceeding challenging what it calls the "added or additional reassessment" that is reflected in the May 1996 notice as violative of the RPTL and the Equal Protection Clause of both the US and NY Constitutions. In addition to challenging the legality of the assessment, petitioner sought to enjoin the Town from collecting taxes under the new assessments and sought discovery on the facts and circumstances of the revaluation. Supreme Court denied all relief and dismissed the petition for failure to state a cause of action.

We affirm. Petitioner contends that a CPLR article 78 proceeding is proper here because it is challenging the legality of what it characterizes as the second assessment. It maintains that this is an exception to the otherwise exclusive remedy for challenging assessments provided in RPTL article 7 (see, Matter of Krugman v Board of Assessors, 141 AD2d 175, 179-180, appeal withdrawn 73 NY2d 872). Petitioner argues that there is no statutory authority for the "added assessment" and it is, therefore, illegal. That argument, however, incorrectly presupposes that the March 1996 disclosure notice constituted an "assessment" within the meaning of the RPTL. In fact, the RPTL expressly provides for an assessment disclosure notice to be mailed to real property owners following a revaluation of assessments (see, RPTL 511 [1]). Under the statute, that notice must include a "hypothetical extension" of the prior year's taxes based on "the preliminary determination of assessed

value for the current year". The notice must also contain a statement that it does not reflect the property's tax liability for the coming year (see, RPTL 511 [2] [a]). The March 1996 notice to petitioner complied fully with these requirements. The RPTL further recognizes that changes in assessment value may be made after the assessment disclosure notice is mailed and provides a procedure for notifying property owners of the final assessment (see, RPTL 511 [4]); the May 1996 notice of change of assessment to petitioner was such a notice. Petitioner, therefore, has failed to show that respondent acted in violation of the RPTL's statutory regime.

The equal protection claim made by petitioner is also without merit. While an equal protection claim in the assessment context has been recognized (see, Matter of Towne House Vil. Condominium v Assessor of Town of Islip, 200 AD2d 749, lv denied 84 NY2d 802; Matter of Krugman v Board of Assessors, supra, at 184), petitioner has clearly not established such a claim under the facts in this case. It is undisputed that respondents conducted a town-wide revaluation process. The claims in both Matter of Towne House Vil. Condominium v Assessor of Town of Islip (supra) and Matter of Krugman v Board of Assessors (supra) were based on "selective reassessment" (Matter of Towne House Vil. Condominium v Assessor of Town of Islip, supra, at 750; Matter of Krugman v Board of Assessors, supra, at 183) of certain properties within the taxing jurisdiction. The differences in preliminary assessment values here arose as part of an ongoing process in which the assessment of each parcel of real property in the Town was being updated. In that sense all parcels were being treated the same and petitioner's conclusory and speculative statements concerning the size of the change in its preliminary assessment simply do not support an equal protection claim.

Supreme Court properly found that petitioner's statutory and constitutional challenges failed to state a claim; the court's dismissal of the petition was appropriate. Although raising a question of illegality, petitioner's challenge is essentially one against the size of the assessment (see, Matter of Rubin v Board of Assessors of Town of Shandaken, 175 AD2d 494, 495). This is evidenced by petitioner's comments throughout the record that the figure contained in the March 1996 notice was higher than the true value of its Massena properties. That type of challenge is reserved for an RPTL article 7 proceeding. Notably, petitioner has already availed itself of the RPTL article 7 remedy with respect to this particular assessment.

Petitioner's claim that it was entitled to discovery relating

to the revaluation process is also without merit; it asserts that the Town purports to have made a mistake in revaluing its property and it is, therefore, entitled to discovery with respect to the correction of the mistake, citing *New York Tel. Co. v Board of Trustees* (70 Misc 2d 559) in support of its argument. However, *New York Tel. Co. v Board of Trustees* (*supra*) is readily distinguishable from the instant case; there, an alleged mistake was made in the final assessment rolls and the court held that discovery was appropriate to determine if a mistake had in fact been made (*see, id.,* at 561). Here, contrary to petitioner's argument, the Town does not maintain that a mistake was made. In fact, the Town's position is that the initial figure was merely a preliminary assessment which was refined during the ongoing revaluation process. The discovery sought by petitioner goes directly to the processes and formula used to arrive at the final assessment; that information is generally recognized to be beyond the scope of disclosure (*see, Matter of City of Amsterdam v Board of Assessors,* 91 AD2d 809; *Blooming Grove Props. v Town of Blooming Grove,* 34 AD2d 953).

Mikoll, J. P., White, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.