■ In the Matter of RESZIN ADAMS et al., Respondents, v DONALD E. WELCH et al., Individually and as the Board of Assessment Review of the City of Albany, et al., Appellants. [707 NYS2d 691] —Graffeo, J. Appeal from a judgment of the Supreme Court (Harris, J.), entered November 7, 1997 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted petitioners' motion to confirm the Referee's report.

This case involves tax reassessments of certain residential properties located in the City of Albany. In 1987, respondents conducted a revaluation of properties situated in six areas, which resulted in substantial increases in the assessed value of petitioners' respective properties. Petitioners thereafter commenced a hybrid CPLR article 78 proceeding and civil action alleging, *inter alia*, that the City unfairly and unconstitutionally targeted their neighborhoods for tax reassessment.* At the conclusion of a trial held before a Referee, the methodology employed by the assessor was found to be unlawful. The Referee recommended a rollback of petitioners' tax assessments and indicated that petitioners were entitled to refunds, with interest thereon. Supreme Court confirmed the Referee's report and respondents now appeal.

---

* Two separate proceedings were commenced but were ultimately consolidated. In a prior appeal to this Court, a CPLR article 78 proceeding was found to be the proper vehicle for petitioners' claims inasmuch as petitioners raised issues which concerned "not their individual tax assessments, but rather the method by which those assessments are calculated" (*Matter of Adams v Welch*, 188 AD2d 784, 786).

Real property must be assessed at a "uniform percentage of value" (RPTL 305 [2]) and although there is no particular statutory methodology for determining the value of residential property, the method undertaken must result in a "fair and realistic value of the property involved so that all property owners contribute equitably to the public fisc" (*Matter of Allied Corp. v Town of Camillus*, 80 NY2d 351, 356; *see, Matter of Commerce Holding Corp. v Board of Assessors*, 88 NY2d 724, 729). Hence, when assessing property, factors which affect the property's marketability are to be considered (*see, Matter of Commerce Holding Corp. v Board of Assessors, supra,* at 729).

The Commissioner of Assessment and Taxation for the City acknowledged that his assessment was merely based on a visual inspection of the exterior of the buildings at issue and a review of the average sales price of homes in the particular neighborhood. Specifically, the Commissioner calculated an average sales price for properties recently sold in a given neighborhood and applied that market value to the reassessed properties, without ascertaining the comparative size of the structures, the condition of or improvements made to the homes, the square footage of any units in the buildings or the operating expenses of the income-producing properties, notwithstanding his admission that it was customary to consider such factors. We find that the record contains sufficient support for the Referee's comprehensive analysis and determination that the methodology utilized by the assessor did not take into account the appropriate market value of the individual properties that were assessed. Under these circumstances, we conclude that respondents failed to meet the requirements of the Real Property Tax Law. Additionally, respondents' "selective reassessment" was not rationally based and, therefore, was improper (*see, Matter of Towne House Vil. Condominium v Assessor of Town of Islip*, 200 AD2d 749, 750, *lv denied* 84 NY2d 802; *Matter of Mundinger v Assessor of City of Rye*, 187 AD2d 594, 595).

We reject respondents' contention that the judgment must be reversed as to those petitioners who did not testify at trial. Although only six of the approximately 40 property owners testified, title ownership was not an issue during the proceedings. Moreover, the record manifests the fact that each petitioner either verified the petition or designated counsel to verify the petition, which contained assertions identifying petitioners as the owners of the properties at issue.

Respondents further assert that even if the methodology was flawed, the rollback of tax assessments for petitioners, along

with refunds, was legally impermissible. The recovery of damages in a CPLR article 78 proceeding is permitted where they are "incidental to the primary relief sought by the petitioner, and must be such as he might otherwise recover on the same set of facts in a separate action or proceeding suable in the supreme court" (CPLR 7806; *see, Matter of Gross v Perales*, 72 NY2d 231, 235). Here, the central issue of the proceeding was the constitutionality of the revaluation and the methodology used to calculate the assessments. Thus, we conclude that the monetary relief sought was incidental to the primary relief (*see, Matter of Gross v Perales, supra,* at 236).

Petitioners sought the rollback of their assessments to levels existing prior to the challenged revaluation and a reassessment of the entire City to resolve any inequalities. Noting that during the lengthy pendency of this matter the City had undertaken a revaluation of all assessable property and such full value reassessments were effective in the 1998 tax year, the Referee deemed petitioners' prayer for City-wide reassessment moot. We concur with this determination and agree that prospective relief does not adequately redress the error. In fashioning relief, the Referee recommended to Supreme Court that petitioners' assessment be rolled back to 1986 or 1987 levels as appropriate, and that petitioners receive refunds of excess taxes paid to the City and School Districts through 1997, the year before full value assessment was implemented, together with interest thereon. As petitioners do not seek to strike the entire assessment roll for the City and they represent an identifiable group of taxpayers, we find that refunds are a suitable remedy (*see, e.g., Matter of New York Tel. Co. v Nassau County,* 267 AD2d 629). In light of the extensive delays which punctuated this proceeding, some of which were attributable to petitioners, and in consideration of the potential for " 'disorder and confusion in public affairs' " (*Matter of Hellerstein v Assessor of Town of Islip,* 37 NY2d 1, 14, quoting *Matter of Andresen v Rice,* 277 NY 271, 282; *see, Matter of Bauer v Board of Assessment Review,* 91 AD2d 1097, 1098, *appeal dismissed* 60 NY2d 585), in the exercise of our discretion we determine the award of interest to petitioners to be inappropriate.

Despite our finding of impropriety in the assessment process, the record compiled in this case is inadequate to properly calculate the extent of refunds that may be due each petitioner or the aggregate amount of taxes alleged to have been overpaid. Under these circumstances, we remit this matter for further consideration of the amount of refund due each petitioner. In determining the amount of overpayment, the factors to be

considered should include any change in the nature of the subject parcels, any improvements made to the properties prior to the City-wide revaluation which may have justified an increased assessment, and any transfers of ownership that would affect entitlement to refunds for any of the relevant tax years. In recognition of the protracted pendency of this action, Supreme Court is encouraged to work with the parties to devise uniform submissions in order to expeditiously identify and resolve those claims where testimony may be necessary regarding ownership status or other factors relevant to overpayment calculations.

Cardona, P. J., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is modified, on the law and the facts, by reversing so much thereof as fashioned a remedy; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.