■ In the Matter of NIAGARA MOHAWK POWER CORPORA-
TION, Appellant, v STATE OF NEW YORK et al., Respondents.
(Proceeding No. 1.) In the Matter of ERIE BOULEVARD HY-
DROPOWER, L.P., Appellant, v BOARD OF HUDSON RIVER-BLACK
RIVER REGULATING DISTRICT et al., Respondents. (Proceeding
No. 2.) [753 NYS2d 541] —Spain, J. Appeal from a judgment of
the Supreme Court (Best, J.), entered November 1, 2001 in
Hamilton County and November 28, 2001 in Fulton County,
which, in two proceedings pursuant to CPLR article 78, inter
alia, granted motions by respondent Board of Hudson River-
Black River Regulatory District to dismiss the petitions for
failure to state a cause of action.

Pursuant to ECL article 15, respondent Hudson River-Black
River Regulating District (hereinafter HRBRRD) is responsible
for the maintenance and operation of dams, reservoirs and ap-
purtenant facilities in the Hudson and Black River basins for
the purpose of regulating the flow of those rivers (*see* ECL 15-
2103, 15-2105). HRBRRD has the authority to apportion and
assess its construction, operation and maintenance costs
"among the public corporations and parcels of real estate
benefited, in proportion to the amount of benefit which will in-
ure to each such public corporation and parcel of real estate by
reason of such reservoir" (ECL 15-2121 [2]). Petitioners own
property within the relevant river basins and have been as-
sessed by HRBRRD for its operation and maintenance costs as-
sociated with the annual period ending on June 30, 2001 in ac-
cordance with the budget adopted by HRBRRD at its June
2000 meeting for the three-year period beginning July 1, 2000.

In separate CPLR article 78 proceedings, petitioners chal-
lenge their liability for HRBRRD's 2000-2001 costs on the
grounds that HRBRRD has failed to comply with statutory
procedures for apportioning costs between the parcels benefit-
ted; that the calculation and apportionment of the 2000-2003
budget is arbitrary and capricious; and that the assessment of
costs violates their constitutional due process and equal protec-
tion rights and constitutes an unlawful taking and an imper-
missible interference with interstate commerce. In lieu of an
answer, HRBRRD moved to dismiss each petition for failure to
state a claim. Petitioner Niagara Mohawk Power Corporation
(hereinafter Niagara Mohawk) cross-moved for discovery.
Supreme Court granted HRBRRD's motions. In a thorough
opinion, the court held that petitioners' claim that HRBRRD
failed to comply with statutory apportionment procedures was
based on an erroneous interpretation of the relevant statutes
and petitioners failed to allege facts sufficient to raise a bona

fide issue that the current assessment was arbitrary and capricious. In addition, the court held that the petition of petitioner Erie Boulevard Hydropower, L.P. (hereinafter Erie) was untimely. In light of its decision to dismiss the petitions, the court denied Niagara Mohawk's cross motion for discovery. Petitioners appeal.

The Legislature created HRBRRD in 1959 when it consolidated the former Hudson River Regulating District and the Black River Regulating District (see ECL 15-2103, 15-2137) and charged HRBRRD with, among other things, the management and maintenance of the Sacandaga Reservoir, or Great Sacandaga Lake. ECL article 15 establishes a process whereby, when a reservoir is created, its river regulating district will identify the parcels of land benefitted and make an appropriate percentage apportionment among those parcels (see ECL 15-2121 [2], [4]). The last time an apportionment was conducted with respect to the costs associated with the Sacandaga Reservoir was in 1925. The statute specifically provides that "[s]uch apportionment and determination, when finally made, * * * shall be deemed to fix and determine the apportionment and the basis of apportionment of all subsequent expenses to be incurred in the maintenance and operation of such reservoir" (ECL 15-2121 [6]), and the only statutory authority for reapportionment consists of permissive language providing that "a subsequent apportionment may be made" by HRBRRD (ECL 15-2121 [7] [emphasis added]). Using the most recent apportionment, HRBRRD assesses and levies costs to the benefitted property owners on an annual basis in accordance with an estimated budget of expenses determined by HRBRRD every three years (see ECL 15-2123, 15-2125). Thus, for the 2000-2001 year, HRBRRD levied its budgeted costs for the 2000-2001 fiscal year using the 1925 apportionment.

As an initial matter, we must address the threshold inquiry of whether Erie's petition was timely filed. Relying on this Court's decision in *Matter of Spinnenweber v New York State Dept. of Envtl. Conservation* (120 AD2d 172), Supreme Court applied the 60-day time limitation set forth in ECL 15-0905, which provides, in relevant part, as follows: "1. The applicant or any person or public corporation, *who or which has filed a notice of appearance in the proceedings before the department and is affected by a decision made pursuant to this article,* may review such decision under the provisions of article 78 of the Civil Practice Law and Rules. 2. A special proceeding for such review must be commenced within sixty days after service in person or by mail of a copy of the decision * * *" (emphasis

added). Erie does not dispute that it failed to commence this proceeding within the aforementioned 60 days, but argues that ECL 15-0905 does not apply here because, while it "is affected by a decision made pursuant to [art. 15]," it never appeared in "proceedings before [respondent Department of Environmental Conservation]" (hereinafter DEC), as the challenged decision was not made by DEC but, rather, by HRBRRD (*see* ECL 15-0905 [1]; 1-0303 [11]). Therefore, Erie contends, this proceeding is governed by CPLR 217, which permits any proceeding against a body or officer to be commenced within four months "[u]nless a shorter time period is provided" (CPLR 217).

In *Spinnenweber*, we stated that "the predecessor section of ECL 15-0905 (2) was intended to make the 60-day limit uniform for proceedings under former Conservation Law article V [and] [n]othing in the * * * recodification of that article as ECL article 15 evidences an intent to restrict the uniform applicability of the 60-day time limit for proceedings arising under that article" (*Matter of Spinnenweber v New York State Dept. of Envtl. Conservation, supra* at 175; *see* L 1960, ch 7, § 4, as repealed by L 1972, ch 664). Thus, we held that the 60-day limitation applied to challenges to determinations regarding permits taken pursuant to ECL 15-0515, although that section, unlike ECL 15-0905 (2), contains no such express restriction. *Spinnenweber*, however, is factually dissimilar in a crucial respect. There, the proceedings involved were clearly before DEC; thus, the statutory language suggesting that the 60-day limitations period applies to proceedings before DEC was not at issue. Although we continue to appreciate the desirability—recognized in Spinnenweber—of uniform applicability of the limitations period to proceedings commenced pursuant to ECL article 15, applying "that liberal interpretation of the statute in favor of [petitioners] which reason and authority compel us to employ" (*Matter of Steinway's Estate*, 174 Misc 554, 557-558; *see National Sur. Co. v Ruffin*, 242 NY 413, 418-419; *Olcott v Tioga R.R. Co.*, 20 NY 210, 223; *Clark v Abbott Labs.*, 155 AD2d 35, 45), we conclude that the statutory language, on its face, is too narrow to give a petitioner fair notice that the 60-day limitations period applies to determinations of river regulating districts. Accordingly, the 60-day limitations period does not apply to challenges to HRBRRD's determinations and Erie's petition should not have been dismissed on that basis.

Turning to petitioners' substantive arguments, they first assert that, in analyzing and ultimately dismissing their claims, Supreme Court improperly converted HRBRRD's motion to

dismiss into a motion for summary judgment without first providing the required notice to the parties (*see* CPLR 3211 [c]). In deciding a motion to dismiss for failure to state a cause of action, a court must liberally construe the allegations to determine if a bona fide justiciable controversy exists (*see Matter of Schulz v New York State Legislature*, 230 AD2d 578, 582, *lv denied* 95 NY2d 769). A court may consider factual materials to remedy defects in the allegations made in the complaint or petition, but should not make determinations regarding whether a claim is supported by evidence (*see Rovello v Orofino Realty Co.*, 40 NY2d 633, 635). Here, Supreme Court considered the factual materials submitted on the motion, but only with an eye toward remedying defects in the petition (*see id.*; *Bansbach v Zinn*, 258 AD2d 710, 713 n 2). The court did not delve into a summary judgment analysis, but focused on whether the facts alleged stated any justiciable controversy. Accordingly, we perceive no error in this regard.

Next, we must consider whether the petitions were properly dismissed for failing to state a claim (*see* CPLR 3211 [a] [7]; 7804 [f]). In so doing, we must "accept the facts as alleged in the [petition] as true, accord [petitioners] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88; *see Virgem Enters. v City of New York*, 290 AD2d 708, 708-709; *Matter of Schulz v New York State Legislature, supra* at 582). More is needed to state a claim, however, than factual allegations which are conclusory, vague or inherently incredible (*see McNeary v Niagara Mohawk Power Corp.*, 286 AD2d 522, 524; *Four Seasons Hotels v Vinnik*, 127 AD2d 310, 318).

Both petitions allege four causes of action. The first cause of action in Niagara Mohawk's petition states that HRBRRD acted arbitrarily in failing to conduct a reapportionment of the parcels benefitted by its facilities because (1) HRBRRD is statutorily required to do so, (2) the existing apportionment does not include all benefitted parcels, and (3) Niagara Mohawk, having divested itself of its hydroelectric generating facilities, is no longer a benefitted parcel owner. Erie essentially makes identical allegations for its second cause of action, with the exception that Erie, the recipient of the hydroelectric facilities divested by Niagara Mohawk in 1999, does not claim to be a nonbenefitted parcel owner. First, we agree with Supreme Court that no cause of action lies based on the allegation that HRBRRD is statutorily mandated to conduct a reapportionment every three years. As discussed above, ECL article 15

mandates only that an initial apportionment be made, which becomes final and conclusive and may be used thereafter to determine the respective shares of liability of each benefitted parcel, including future expenses (*see* ECL 15-2121 [6]). In contrast, ECL 15-2125 provides that an estimate of operation and maintenance costs must be made every three years, and that such costs "shall be levied, assessed and collected in the same manner as the cost and expenses of the reservoir are herein provided to be levied, assessed and collected" (ECL 15-2125 [2]). Given these clear statutory directives, petitioners' argument that HRBRRD is required to do an apportionment every three years is completely without foundation.

Nor is there any statutory mandate for reapportionment based on changed circumstances. As noted above, the only reference to reapportionment contains permissive language, stating that "a subsequent apportionment *may* be made" by HRBRRD (ECL 15-2121 [7] [emphasis added]). Prior to 1920, this provision read: "In case any real estate within the district is benefited, which for any reason was not assessed, or in case any public corporation or real estate of any person shall receive benefits from the improvement in any district organized under this article to a degree not considered in the original apportionment of benefits the board *shall* make a reapportionment of such benefits" (L 1915, ch 662, § 1, adding Conservation Law § 462 [emphasis added]). We interpret the subsequent amendment—replacing the mandatory directive with the present, permissive language (*see* L 1920, ch 463, §§ 7-8)—as evincing an intent by the Legislature to give HRBRRD discretion in this regard. HRBRRD's action here of assessing costs in 2000 utilizing the 1925 apportionment, therefore, is not contrary to the provisions in ECL article 15 governing apportionment.

We find, however, that a challenge such as this one to an annual assessment of operation and maintenance costs contemplates both the calculation and propriety of the budget assessed as well as the levy of the assessment. ECL 15-2125 (3) provides the authority for this proceeding, stating that the "estimates and determinations as from time to time fixed and determined by the [HRBRRD] may upon application of any party affected thereby be reviewed in the manner provided by [CPLR art. 78]." We construe the "determinations" made by HRBRRD in assessing those costs to include the task of apportioning the costs "upon the public corporations and real estate benefited according to the benefits derived therefrom respectively" (ECL 15-2125 [2]). Although the statute states that the costs "shall be levied, assessed and collected in the

same manner as the cost and expenses of the reservoir are herein provided to be levied, assessed and collected" (ECL 15-2125 [2]), thus permitting HRBRRD to utilize an existing apportionment, we find that the levy of such costs is more than ministerial as it requires HRBRRD to exercise its discretion in determining whether to conduct a new apportionment.

Here, both petitions—as supplemented by the factual allegations included in opposition to the motions to dismiss—specify other parcels allegedly benefitted by HRBRRD's activities which are not included in the 1925 apportionment. In addition, Niagara Mohawk alleges that it has divested itself of all hydroelectric generation facilities and no longer benefits from HRBRRD's activities.* Thus, keeping in mind that " 'the criterion is whether the proponent of the pleading has a cause of action, not whether [the proponent] has stated one' " (*Leon v Martinez*, 84 NY2d 83, 88, *supra*, quoting *Guggenheimer v Ginzburg*, 43 NY2d 268, 275), we find that petitioners have alleged sufficient facts—accepted at this juncture as true—to state a claim that HRBRRD's 2000-2001 assessment is arbitrary and capricious by virtue of the fact that it was unfairly levied against nonbenefitted parcels and/or excluded other benefitted parcels.

As a second cause of action, Niagara Mohawk alleges that "[HRBRDD's] budget is illegal, arbitrary and capricious, both in its formation and approval process, as well as to its actual content." Erie's first cause of action makes substantially the same allegations. Supreme Court held that the factual assertions made by petitioners in this regard fail to reveal " 'a bona fide justiciable controversy' * * * since there are no specific allegations of present wrongdoing" (quoting *Schulz v New York State Legislature*, 230 AD2d 578, 582, *supra*). We agree. Petitioners provide no specific allegations which would suggest that the calculation of HRBRRD's 2000-2003 budget is arbitrary, but instead support their claim with a 1993 report created by the Office of Inspector General and a 1996 report by the Center for Governmental Research, Inc., both of which allege that HRBRRD imposes excessive costs attributable to political patronage, gross underemployment, improper payments

---

* When, in 1999, Niagara Mohawk sold those properties containing hydroelectric generation facilities to Erie, it appears that HRBRRD utilized the same apportionment but billed Erie as the new title owner to those properties. Niagara Mohawk's challenge here is apparently connected with other parcels it owns that do not contain generation units. Whether those parcels remain benefitted parcels (*see* ECL 15-2101 [3] [defining "benefit or benefits" for the purposes of ECL art. 15]) is beyond the scope of the motions to dismiss at issue here.

and other irregularities. Even if admissible, such general allegations concerning practices occurring prior to the relevant budget year are not sufficient to create a justiciable controversy regarding the rationality of the current budget. Thus, Niagara Mohawk's second cause of action was properly dismissed.

Supreme Court did not address petitioners' remaining causes of action but implicitly rejected them by dismissing the petitions in their entirety. In light of our holding that, pursuant to ECL 15-2125 (3), petitioners have an avenue to seek review of an assessment that may have been arbitrarily levied pursuant to an unfair apportionment, we find no cognizable claim for a violation of due process. Likewise, petitioners' bald, indistinct assertions that HRBRRD's actions constitute an unlawful taking and a violation of the Interstate Commerce Clause are insufficient to state a justiciable claim.

We reach a different conclusion, however, with respect to petitioners' claims that the assessment as levied against them violates the Equal Protection Clauses of the US and NY Constitutions. In the arguably analogous context of real property tax assessments, an equal protection claim has been recognized (*see Matter of Aluminum Co. of Am. v Board of Assessors of Town of Massena*, 238 AD2d 858, 859). An equal protection violation has been found, for example, where a village's practice of selective reassessment was found to "permit[ ] similarly situated properties to be taxed unequally with no demonstration that the unequal treatment is rationally related to the achievement of a legitimate governmental purpose" (*Matter of Krugman v Board of Assessors of Vil. of Atl. Beach*, 141 AD2d 175, 177, *appeal dismissed* 73 NY2d 872; *see Matter of Towne House Vil. Condominium v Assessor of Town of Islip*, 200 AD2d 749, 750, *lv denied* 84 NY2d 802). As noted above, petitioners included allegations that other benefitted parcels exist which are not included in the 1925 apportionment suggesting that HRBRRD may have enforced the ECL unequally, i.e., arbitrarily. Without rendering any opinion regarding the likely success of that argument, we find these assertions sufficient to state a cause of action.

Finally, inasmuch as Supreme Court denied Niagara Mohawk's cross motion for discovery based on its determination that its petition should be dismissed, we reverse the denial of said cross motion and remit to Supreme Court for its consideration.

Cardona, P.J., Mercure, Lahtinen and Kane, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed the first and

third causes of action in proceeding No. 1 and the second and third causes of action in proceeding No. 2 to the extent described in this Court's decision and as denied the cross motion by petitioner Niagara Mohawk Power Corporation for discovery; said causes of action reinstated to said extent, respondent Board of Hudson River-Black River Regulatory District is directed to file an answer within 20 days of the date of this Court's decision and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.