██ In the Matter of STEPHEN KARDOS et al., Respondents, v STEPHEN RYAN, as Assessor of the Town of Saugerties, Appellant. [814 NYS2d 336]—

Kane, J. Appeals (1) from an order of the Supreme Court (Kavanagh, J.), entered March 9, 2005 in Ulster County, which, in a proceeding pursuant to RPTL article 7, inter alia, granted petitioners' motion for summary judgment, and (2) from the judgment entered thereon.

In December 2002, petitioners purchased a single-family residence in the Town of Saugerties, Ulster County, for the sum of $550,000. The property was assessed at $224,900 at that time. In 2003, respondent sent petitioners notice that their property assessment had been increased to $367,000. In 2004, petitioners filed a grievance with the Town's Board of Assessment Review seeking to reduce their assessment. The Board denied that application. Petitioners commenced this RPTL article 7 proceeding, then moved for summary judgment seeking a reduction to their previous assessment. Respondent cross-moved for dismissal of the petition. Supreme Court denied respondent's cross motion and granted petitioner's motion for summary judgment, reducing their assessment to $224,900. Respondent appeals from that order and the judgment entered thereon.

Summary judgment is appropriate here. Petitioners alleged that respondent selectively reassessed their property solely because it was newly purchased, an improper practice (*see Mat-*

ter of Krugman v Board of Assessors of Vil. of Atl. Beach, 141 AD2d 175, 183 [1988]). In support of this theory, they submitted assessment rolls showing no increases for other similarly situated properties in the vicinity. They also averred that no town-wide assessment was completed, which respondent concedes. This evidence raised a prima facie case of entitlement to summary judgment. Respondent contends that in 2002, a data collector noted, for the first time, a large porch on the rear of petitioners' home. Based on this improvement, he reassessed petitioners' entire property. This contention, however, is asserted in respondent's affidavit regarding the data collector's actions, without any mention of the basis for this information. The real property record card that respondent submitted indicates that a 294-square-foot open porch was built in 2000 and also lists a 250-square-foot upper open porch without noting the year of construction, but pictures of petitioners' home reveal only one porch. Because respondent's proof was insufficient to raise a question of fact regarding his alleged basis for reassessment of the property, the grant of summary judgment to petitioners was proper.

Petitioners properly commenced this proceeding under RPTL article 7, as opposed to CPLR article 78, as they are only challenging the overvaluation of a single parcel of property, not the assessor's general methodology (see Matter of Cassos v King, 15 AD3d 758, 758-759 [2005]; Matter of General Elec. Co. v MacIsaac, 292 AD2d 689, 691 [2002]).

Because petitioners were successful in reducing their assessment by more than half of the reduction they claimed, "they were entitled to costs and disbursements for the proceeding[ ] as of right" (W.T. Grant Co. v Srogi, 52 NY2d 496, 514 [1981]; see RPTL 722 [1]). Supreme Court's order granted petitioners' motion "without costs or allowance pursuant to RPTL § 722 (2)." The order did not mention RPTL 722 (1). Considering the mandatory provision in subdivision (1) that "costs and disbursements shall be allowed against the assessing unit," we cannot read the court's order as disallowing those costs and must affirm the judgment entered against the Town (RPTL 722 [1] [emphasis added]; see RPTL 102 [1]; 704 [2]).

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order and judgment are affirmed, without costs.