██ In the Matter of HARRIS BAY YACHT CLUB, INC., Respondent, v TOWN OF QUEENSBURY et al., Appellants. (And Another Related Proceeding.) [891 NYS2d 210]—

finding of neglect could be used against respondent in the future (*see Matter of Karissa NN.*, 19 AD3d 766, 766 n [2005]).

Spain, J.P.

Petitioner commenced these RPTL article 7 proceedings challenging the 2006 and 2007 real property tax assessments of its marina (hereinafter the property) located in the Town of Queensbury, Warren County. Following a Town-wide revaluation, the property was assessed at $3,514,000 in the 2005 assessment roll. However, for the 2006 tax year, respondent Town Assessor reassessed the property at $5,081,100. The property was then assessed at $5,091,100 for 2007.* Petitioner successfully moved for summary judgment in both proceedings, prompting this appeal by respondents.

We affirm. It is unconstitutional for a municipality to selectively reassess real property without a rational basis (see Matter of Niagara Mohawk Power Corp. v State of New York, 300 AD2d 949, 955 [2002]; Matter of Krugman v Board of Assessors of Vil. of Atl. Beach, 141 AD2d 175, 182-184 [1988], appeal discontinued and withdrawn 73 NY2d 872 [1989]). Indeed, an equal protection violation will be found when the assessing body isolates a particular property for reassessment and is unable to justify the changes with some legally recognized factor such as improvements to the property or equal application to all properties of similar character (see Matter of Kardos v Ryan, 28 AD3d 1050, 1051 [2006]; Matter of Adams v Welch, 272 AD2d 642, 643 [2000]). Should an assessor revalue a particular property between town-wide revaluations, "he or she must be prepared to show how any change brings such assessment into line with those of other properties whose assessments go unchanged" (10 Ops Counsel SBRPS No. 60 [1997]).

Here, it is undisputed that no improvements were made upon the property since the town-wide reassessment. In explaining the basis for selectively reassessing the property, the Town Assessor merely stated that, based on her "familiarity with the [p]roperty and other area marinas and [her] experience and judgment," she thought that the appraisal consultant's value

---

* It is conceded that the $10,000 increase was a clerical error and that the assessed value of the property was intended to remain as it was for the 2006 tax year.

conclusion of $3,514,000 "might have understated the value of the [p]roperty." No comprehensive assessment plan was made to reassess all similarly situated marinas—class 570 properties—in the Town.

Instead, respondents attempt to justify the reassessment on the basis that the property is unlike any other marina in the Town in that it sells its dock space out in condominium-type fashion, rather than renting it. In light of this distinction, the property was valued using an income-only based method such as that used in valuing residential condominiums, a method that was conceded would not typically be used for assessing commercial properties. Indeed, regardless of the manner in which the property collects its revenue, the fact remains that it is classified as a class 570 property, like all other commercial marinas in the Town, and it was selected for reassessment without comparison to those similarly classed properties. Further, respondents were aware that petitioner had sold out its dock space prior to adopting the 2005 assessment. Accordingly, we hold that petitioner met its initial burden to show that "there was no rational basis in law for reassessing only the subject property" and, thus, the 2006 revaluation was arbitrary as a matter of law (*Matter of Towne House Vil. Condominium v Assessor of Town of Islip*, 200 AD2d 749, 750 [1994], *lv denied* 84 NY2d 802 [1994]; *see Matter of Adams v Welch,* 272 AD2d at 643). Inasmuch as respondents failed to rebut petitioner's prima facie showing, Supreme Court properly granted petitioner's motion for summary judgment invalidating this selective reassessment as a denial of petitioner's equal protection guarantees (*see Matter of Kardos v Ryan*, 28 AD3d at 1050-1051).

We also reject respondents' contention that Supreme Court erred in not merely remitting the matter to the Town Assessor for correction. As there was no legal basis for reassessing the property following the 2004 Town-wide revaluation, the court properly ordered respondents to reinstate the 2005 tax roll and reimburse petitioner (*see* RPTL 720 [1]; 726 [1]; *Matter of Kardos v Ryan*, 28 AD3d at 1051; *Matter of Bauer v Board of Assessment Review*, 91 AD2d 1097, 1098 [1983], *appeal dismissed* 60 NY2d 585 [1983]; *cf. Matter of Adams v Welch*, 272 AD2d at 643-644).

Rose, Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, with costs.